Frazier v. Miles.

LOUIS FRAZIER, PLAINTIFF IN ERROR, V. S. B. MILES, JOSEPH H. MYERS, AND ROBERT HAWKE, DEFENDANTS IN ERROR.

**Mortgage Foreclosure:** DECREE: JURISDICTION. One F., in 1869, executed a mortgage upon certain real estate to one M., and in the year 1871 conveyed a portion of such real estate to one E. F., who in 1874 conveyed the same to L. F., and in that year F. conveyed other portions of the mortgaged premises to L. F. In 1875 an action of foreclosure was commenced and F. and wife and L. F. were made defendants. Service was had upon F. and wife by publication, but no service was had upon L. F., who was a non-resident of the state. Default was taken against the defendants, and a decree of foreclosure and sale, the decree stating that "the defendants having been duly served with notice and brought into court herein." *Held,* That L. F. was not concluded by the recital in the decree as to notice from showing want of jurisdiction.

ERROR to the district court for Richardson county. Tried below before WEAVER, J. The opinion states the case.

*Schoenheit & Thomas,* for plaintiff in error, cited *Boswell v. Sharp,* 15 Ohio, 467. *Galpin v. Page,* 18 Wall., 373. *Settlemier v. Sullivan,* 97 U. S., 444. Freeman on Judgments, secs. 116, 117.

*George P. Uhl,* for defendants in error, Myers and Hawke, cited Freeman on Judgments, secs. 127–132. *Lessee of Paine v. Mooreland,* 15 Ohio, 435. *Lessee of Fowler v. Whiteman,* 2 Ohio State, 270. *Crowell v. Johnson,* 2 Neb., 146. *Bonsall v. Isett,* 14 Iowa, 309. *Shawhan v. Loffer,* 24 Iowa, 217.

MAXWELL, CH. J.

This action was commenced by the plaintiff in the district court of Richardson county to redeem certain

real estate claimed by him from a sale under a decree of foreclosure, to which he was not made a party. The petition alleges that on the twenty-sixth day of May, 1869, Francis Frazier executed a mortgage to Stephen B. Miles on the north half of section 33, town 3 north, range 16 east, and on the north-west quarter of section 24, town 2 north, range 16 east, to secure the payment of the sum of $1800 and interest, which mortgage was duly recorded; that on the sixth day of July, 1871, Frazier and wife conveyed to Eugene Frazier the north-east quarter of section 33, which deed was duly recorded on the twenty-sixth day of July of that year; that on the twenty-eighth day of October, 1874, Eugene Frazier and wife conveyed said land to the plaintiff, the deed therefor being filed for record on the fifth day of November, 1874; that on the twenty-eighth day of October, 1874, Francis X. Frazier and wife conveyed to plaintiff the north-west quarter of section 33, which deed was duly recorded, but at what time does not appear.

It is also alleged that in the year 1872 Miles released the north-west quarter of section 24 above described, and that a large portion of said mortgage debt had been paid prior to the fifteenth of April, 1874, and that on that day Francis X. Frazier and Miles agreed that all that was due on said mortgage was the sum of $583.41, and that Francis X. Frazier then executed and delivered to Miles his note for that amount, payable May 26th of that year; that on the twelfth of August, 1875, Miles commenced an action to foreclose the mortgage in the district court of Richardson county, and Francis X. Frazier, ——— Frazier, his wife, and Louis Frazier were made defendants; that no summons was served upon the plaintiff, nor was he served by publication or otherwise, nor did he have any notice whatever of the pendency of

the suit; that he made no appearance in the action, and the court acquired no jurisdiction as to him. Judgment was rendered in the court below dismissing the action. The plaintiff brings the cause into this court by petition in error.

The only question before this court is, do the recitals in the decree of foreclosure estop the plaintiff from showing that the court had not jurisdiction as to him? The decree in that case is as follows:

"Stephen B. Miles v. Francis X. Frazier, his wife, and Louis Frazier.

"Now comes the plaintiff, and the defendants, having been duly served with notice and brought into court herein, and failing to answer or otherwise plead, make default. It is therefore ordered that a default be and the same hereby is entered against all the defendants, and the court do find that there is due to plaintiff from defendant, Francis X. Frazier, on the note described in the petition, the sum of $711.75, and that the same shall draw interest at the rate of twelve per cent per annum until paid, and that the same is secured by mortgage upon the real estate described in plaintiff's petition, and that said sum is the first and prior lien on said real estate against all the defendants herein, or any right or title they may have or claim therein. It is therefore considered, adjudged, and decreed that the said mortgage be and the same hereby is foreclosed against each and all of the defendants, and that said Francis X. Frazier pay the said amount, with twelve per cent per annum interest, and that in default of such payment the sheriff of said county, who is hereby appointed special master commissioner for that purpose, be and is hereby ordered to appraise, advertise, and sell said real estate, to-wit: the north half of section 33, township 3 north, range 16 east of 6th P. M., in Richardson county

\* * *, as upon execution, and apply the proceeds of such sale in satisfaction of the said amount due plaintiff, as aforesaid, and costs of suit taxed at $17.60."

It appears from the record that Francis X. Frazier and wife were notified of the pendency of the action by publication in a newspaper. The following is a copy of the notice:

### "LEGAL NOTICE.

"Francis X. Frazier, and ———— Frazier, his wife, will take notice that a petition has been filed in the district court of Richardson county, Nebraska, in an action wherein S. B. Miles is plaintiff, Francis X. Frazier, and ———— Frazier, his wife, and Louis Frazier, are defendants. The object and prayer of said petition is for judgment for five hundred and eighty-three dollars and forty-one cents, with interest at the rate of twelve per cent per annum from May 26, 1874, and foreclosure of a mortgage on, and order of sale of, the north half of section number thirty-three, in township three, range sixteen, in said county of Richardson. Said defendants are required to answer or otherwise plead to said petition, on or before October 4, 1875."

(SIGNED BY ATTORNEY FOR PLAINTIFF.)

It also appears that on the twelfth day of August, 1875, a summons for all of these defendants had been duly issued by the clerk of the district court of Richardson county, and delivered to the sheriff of said county, who, on the twenty-third of that month returned the same, with the following indorsement thereon: "This thirteenth day of August, 1875, received this writ. This twenty-third day of August, 1875, after diligent search, I cannot find within-named defendants in my county."

There is a stipulation, signed by the attorneys in the case, that the plaintiff and other witnesses testified that the plaintiff purchased the lands in question in good faith, for a valuable consideration, and that no summons was ever served upon the plaintiff, and that no notice was given to him in any manner whatever, either by publication in a newspaper, or otherwise; and that said plaintiff had no notice of any kind or knowledge of the pendency of the suit for the foreclosure of said mortgage; and that the plaintiff has resided in the state of Illinois for about twelve years last past, and now resides there.

The question to be determined in this case was before this court in the case of *Atkins v. Atkins*, 9 Neb., 161.

In that case the recital of service in the decree was as follows: "On consideration whereof the court does find that due notice of the filing and pendency of this petition was given to the said defendant according to law;" yet it appearing that service was had by publication, and that the affidavit for service entirely failed to set forth the necessary facts to authorize service by publication, the service was held void.

A court obtains jurisdiction of the person of a defendant by service of summons, or by an appearance. Where service of summons cannot be had upon a defendant in this state, and it is necessary to obtain service by publication, it must appear that the steps required by the statute have been taken to obtain such service. The reason is that the process of the court cannot lawfully extend beyond the boundaries of the state. The service at best is merely constructive. It is an admission on the face of the record that the defendant is not in the state, nor within the jurisdiction of the court, nor served with its process. In fact, it is a special proceeding, applying only to certain cases,

and cannot be extended beyond those designated in the statute.    If it is contended that public policy and the interests of the community at large require that the findings in such cases should be conclusive, it is a sufficient answer to say that principles of public policy are best subserved by administering justice, and the interests of the community at large are best protected by enforcing and protecting the rights of its individual members.

To say that a court—the tribunal for administering justice—can, without the service of process in any form upon a defendant, or his appearance in the action, render a judgment against him therein, which shall conclude him by its recitals of jurisdiction in its judgment from proving the want of jurisdiction, is to say that the court possesses a power not given to it by the constitution and laws of the state.    Such a holding would deprive a party of the constitutional guaranty that no person shall be deprived of his property without due process of law.    It would be a species of usurpation and despotism that should have no place in the jurisprudence of a country whose laws are based upon the principles of justice.    When process has been served upon a party which is not void, but merely irregular, he will be concluded by a judgment of the court that such service is sufficient unless such judgment is afterwards set aside or modified.    But when the service is *void*, or there is no service whatever, the essential element is lacking—jurisdiction— to make a record which imparts absolute verity.

In the case at bar it is clearly proved that there was no service of any kind upon the plaintiff; this fact appears as well from the record of the suit to foreclose the mortgage as from the testimony offered by the plaintiff; and such being the case, he is not bound by the decree of foreclosure.

· The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.