STATE, EX REL. C. O. BATES, V. JOHN HUTCHINS ET AL.

[FILED NOVEMBER 5, 1891.]

1. **Exceptions** to certain findings of a referee overruled.

2. **School Elections**: VOTING: EVIDENCE. At a special meeting of the electors of a school district to vote upon the question of authorizing the school district board to build a school house, a vote was taken by a teller, who reported twenty-nine in favor of the proposition, and twenty-six against. Before the result was announced by the chairman, objections were made that more votes had been cast than there were voters present, whereupon the chairman, by placing those in favor of and those opposed to the proposition in separate lines, found that there were twenty-six voters in each, and thereupon voted "No." *Held*, That the final result of the balloting, as declared by the chairman, must be accepted as the decision of the electors, and that parol evidence was admissible to show that the vote taken by the teller was not the final determination of the meeting.

ORIGINAL application for *mandamus*.

*J. H. Hakleman*, for relator, cited, contending that evidence *aliunde* as to the vote was not admissible: *B. & M. R. Co. v. Lancaster Co.*, 4 Neb., 307; *Eddy v. Wilson*, 43 Vt., 362; *Sch. Dist. v. Atherton*, 12 Met. [Mass.], 105; *Morrison v. Lawrence*, 98 Mass., 219; 1 Dillon, Mun. Corp., sec. 299; *Mayhew v. Gay Head*, 13 Allen [Mass.], 129; *Boston T. Co. v. Pomfret*, 20 Conn., 590; *Gilbert v. New Haven*, 40 Id., 102; *Hoag v. Durfey*, Aikens [Vt.], 286; Cooley, Tax. [2d Ed.], 317.

*H. D. Travis*, for respondents.

*Wooley & Gibson*, for intervenor.

MAXWELL, J.

This is an application for a peremptory writ of *mandamus* "to compel the school district board of school district

72, of Cass county, immediately to build and erect on the old school house site, a frame school house on a piece or parcel of land consisting of about one acre, one-half of which is the northeast corner of the northwest quarter and the other half the northwest corner of the northeast quarter of section 17, township 10, of range 12, in Cass county," etc.

The school board filed an answer in which they explain the causes of delay.

One William Westlake filed a petition to intervene in the case, and as he showed a *prima facie* right in his petition the prayer was granted.

The case was then referred to a referee to take testimony and find the facts. His report is as follows:

" First—That the relator, Charles O. Bates, is a citizen, legal voter, and taxpayer in school district No. 72, in Cass county, Nebraska, and that he has children of school age living with him in said school district.

"Second—That school district No. 72 is legally organized under the laws of Nebraska.

" Third—That there is now no school house in said school district.

" Fourth—That there are about sixty children of school age in said school district.

" Fifth—That the respondent John Hutchins is the treasurer, the respondent W. O. Ogden is the director, and the respondent Sullivan Hutchins is the moderator of said school district, and that, collectively, the respondents constitute the school board of said district.

" Sixth—That the intervenor, William Westlake, is a resident and taxpayer of said school district.

" 7th—That there now is, and ever since prior to June 1, 1890, has been, in the county treasury of Cass county, to the credit of said school district, as a building fund, the sum of about $780.

"Eighth—That at the annual school meeting, in said

school district, in June, 1890, the electors of said school district authorized the board of directors to build a new school house on the old site, 24x26 feet, with 12 foot posts, directing said board of directors to finish said school house in workmanlike manner, to put a good, substantial stone foundation under said new school house, and to paint the house, but that said electors did not specify the quality of material to be used in said building, except the foundation, and did not specify how much money should be expended in building said school house, nor did the said electors appropriate any money for the purpose of such building. That at said meeting the electors of said district authorized the board to sell the old school house at auction, which has been done, and also voted that eight months' school should be taught in said district the ensuing year.

"Ninth—That on the 11th day of July, 1890, the intervenor herein applied to the Hon. S. M. Chapman, judge of the district court of Cass county, for an injunction restraining the respondents herein from expending any of the funds of said school district, or from creating any debt for the purpose of erecting a school house in said district, until authorized thereunto as provided by law. Said judge granted a temporary restraining order as prayed, but the proof fails to show that the same, or any injunction in said cause, is now in force.

"Tenth—That at a special meeting held in said school district on the 7th day of August, 1890, called for the purpose of voting upon the appropriation and expenditure of money of said district for the purpose of building a school house in said district, the board of directors were, by a majority vote of the electors present and voting, directed not to expend any money for the purpose of building a new school house on the old site, and a majority of the electors of said district present and voting refused to appropriate any money of said school district for the purpose of building a school house on the old site.

State, ex rel. Bates, v. Hutchins.

"Eleventh—That at a special meeting held in said school district on the 3d day of September, 1890, for the purpose of voting upon a proposition as to how much money should be expended by said district for the purpose of building a school house, the following proceedings were had: One ballot was taken by said electors on said proposition, but upon discovering that two ballots, folded together as one, had been voted, no count was made, and a second ballot ordered, which was taken, resulting in 29 ballots being cast for the proposition and 26 against the proposition, which result was read by the teller, but not announced by the chairman; that immediately upon the reading of the result of said ballot it was claimed by many electors present that more ballots had been cast than there were voters at said meeting, whereupon the chairman ordered all voters voting "Yes" upon such proposition to arrange themselves in one line, and all voters voting "No" to arrange themselves in another line; that the voters present at said meeting then did so arrange themselves in separate and distinct lines and were counted over twice by the moderator, the chairman, and as a result of said count it was found that 26 were standing in each line, whereupon the moderator, who did not stand in either line, declared the vote a tie, and further declared that he would vote "No," and that the proposition was lost by a vote of 27 voting "No" to 26 voting "Yes." Another ballot was demanded, but before the same could be taken or ordered, a motion to adjourn was made and carried.

"Twelfth—That the director, in making up a record of the said special meeting of September 3, 1890, recorded the result of the second ballot as shown by the count of the tellers.

"Thirteenth—That the relator on the 5th day of September, 1890, made a demand on the respondents to build a school house in said district, which demand was refused by respondents.

"Fourteenth—That this action was brought by agreement between the relator and the respondents John Hutchins and W. O. Ogden."

The relator has filed exceptions to the sixth finding, on the ground that there is no testimony to support it. Objections are also made to the eleventh finding, as not being supported by competent evidence.

The first exception must be overruled, as there is testimony tending to sustain the finding. The second exception is also overruled for the following reasons:

The testimony shows that at the special meeting held on the 3d day of September, 1890, that on the second ballot taken by a teller the vote stood twenty-nine for the proposition to twenty-six against; that immediately upon the reading of the result by the teller it was alleged that more votes had been cast than there were voters present, whereupon the chairman counted the voters in favor of and against the proposition by placing the voters in separate lines and found the vote a tie. He then voted "No," as he had a right to do, and the proposition was defeated.

It is insisted with much earnestness that as the school district records show a majority in favor of the proposition, such records must control in this case and that evidence *aliunde* is not admissible to vary or contradict them. The circumstances leading up to the final determination of a case may always be shown for the purpose of establishing the invalidity of the final adjudication. This rule was applied in *Frazier v. Miles*, 10 Neb., 109. Thus it may be shown that the judgment was entered too soon. (*Johnson v. Baker*, 38 Ill., 98; *Sanders v. Rains*, 10 Mo., 770; *Williams v. Bower*, 26 Id., 601; *France v. Evans*, 90 Id., 74; *Palmer v. McMaster*, 8 Mont., 186; *Glover v. Holman*, 3 Heisk. [Tenn.], 519; 12 Am. & Eng. Ency. of Law, 147r.) It certainly may be shown what the actual facts are as to the result of the several ballotings.

It is evident that more votes were cast, as taken by the

teller, than there were voters present.   Such being the case it was the duty of the presiding officer to take the necessary steps to secure a correct vote.   All free government is founded on the free exercise of an untrammeled ballot, and an honest count of the votes as cast, and this rule runs through every department where the matter is to be determined by popular vote.   It is evident that a majority of the voters of the district did not authorize the erection of a school house, and therefore the writ must be

DENIED.

THE other judges concur.