## STATE OF IOWA;

## DES MOINES, JUNE TERM, A. D. 1870.

IN THE TWENTY-FIFTH YEAR OF THE STATE.

PRESENT :

HON. CHESTER C. COLE, CHIEF JUSTICE.
 " GEORGE G. WRIGHT,    ⎫
 " JOSEPH M. BECK,     ⎬ JUDGES.
 " ELIAS H. WILLIAMS,   ⎭

## THE CITY OF DUBUQUE v. THE NORTHWESTERN LIFE INSURANCE COMPANY.

1. **Taxes:** ON PREMIUMS OF INSURANCE COMPANIES : MUNICIPAL CORPORA-
TION. The annual premiums of an insurance company received by an
agent thereof residing in a city, are not subject to taxation as personal
property, under the general power conferred upon the city by its charter
to provide for the taxation and assessment of all taxable property within
the city.

2. —— Such premiums are in the nature of a gross income, and do not
constitute property in its proper sense.

VOL. XXIX. — 2

*Appeal from General Term, Ninth District (Dubuque County).*

THURSDAY, JUNE 9.

THIS is an action to recover the taxes levied by the city of Dubuque, for the year 1868, upon the income of defendant from premiums on risks received at its agency in that city. It was submitted to the district court upon an agreed statement of facts, which is substantially as follows: The defendant is a corporation organized under the laws of Wisconsin, for the purpose of doing the business of life insurance. It has an agency in Dubuque, among others in this state, for the purpose of prosecuting its business. During the year 1868, there was received at the Dubuque agency, as premiums upon risks taken in that city, the sum of $19.648. The defendant has fully complied with the laws of this state regulating insurance companies doing business here, filing the statement required, and paying to the proper state officer, two per centum upon the amount of premiums received by it in the state — the amount received at the Dubuque agency being included therein. The city council of plaintiff assessed defendant for the year 1868, in the sum of $19,648, upon the premiums received at the Dubuque agency, and levied a tax thereon of one per centum. Under the charter of the city, the tax became delinquent January 1, 1869. If the assessment and levy be legal, there is due the plaintiff $220, the interest and penalty authorized by law, together with the one per cent tax, making that sum. Upon these facts the cause was submitted to the district court without a jury, and judgment rendered for defendant. The general term affirmed this decision. Plaintiff appeals to this court.

City of Dubuque v. Northwestern Life Insurance Company.

*E. McCeney* for the appellant.

*Jas. T. Lane* for the appellee.

BECK, J. — The plaintiff insists that the income of defendant is personal property, within the meaning of the law, and is subject to taxation for city purposes. This is denied by the defendant, who insists that receipts of premiums by defendant, in the transaction of its business within this state, are not property under the laws of the state, so that taxation by the city, for city purposes, may be levied thereon. The defendant raises another objection to the power of the city to levy the tax, which is fully argued by the counsel of the parties, and seems to be relied upon by defendant's counsel. It is this: Under chapter 138, acts of the 12th general assembly, section 38, every insurance company is required to pay into the state treasury two per centum upon the premiums on risks received by it during the preceding year. This tax, it is declared in the provision just cited, "shall be in full for all taxes upon the corporation or its shares under the laws of this state, except taxes upon real property." It is insisted that this provision, in effect, prohibits any other taxation of insurance companies, except as therein provided for, and that, as a consequence, the city could not levy the tax, to recover which this action is brought. In reply to this objection plaintiff's counsel maintains, that if this section be construed as contended for by defendant's counsel, its provisions are in conflict with the constitution, article 8, section 2, and article 3, section 30 ; in that it provides for the taxation of the property of corporations differently from that of individuals, and that it is of the character of a special law for the assessment and collection of taxes. The question thus presented is a grave one, as it involves the determination of

the validity of a law whereby the taxing power of the state is exercised. Its determination is not necessarily involved in the decision of this cause, as the first point noticed above must be decisive of our conclusion as to the correctness of the judgment of the court below. We will, therefore, not examine the constitutional question presented, but confine ourselves to the consideration of the other point in the case.

The charter of the city of Dubuque, chapter 210, acts of 6th general assembly, authorizes the city council "to collect taxes to defray the current expenditures and pay the debts of the city" (§ 7, p. 23); "to license, tax and regulate auctioneers, peddlers," and those prosecuting other specified branches of business, not enumerating, however, insurance companies nor insurance agents (§ 7, pp. 18, 19, 20); and, "to provide for the assessment of all taxable property in said city with reference to taxation for city purposes" (§ 7, p. 24). There is no other provision in the charter conferring power upon the city to levy and collect taxes, nor prescribing what shall be considered "taxable property," nor conferring upon the city power to determine what property shall be taxable.

The question to be determined is this: Are the annual receipts of the insurance company, on account of premiums for risks paid to its agent residing within the city, property upon which the city may levy and collect taxes?

As it is not pretended that the tax in question was levied under the authority of the city to license persons pursuing certain branches of business, if sustained at all, it must be under the authority of the city to collect taxes upon "taxable property." Hence the solution of the foregoing question will determine the case.

It certainly cannot be claimed that the gross income of individuals or corporations from any business in which

they may be engaged, for a specified period without regard to the money or property realized and on hand at the expiration of the time, can be properly described by the term property. No one will pretend that the sum shown as the footing of the debit side of the merchant's cash book, during a year's business, can be called property. The money represented by each item of the account when in his possession was property, but the aggregate of the whole amount of money passing through his hands for a year could not, at the end of that time, when he possessed a small portion of it, be called his property. The case is the same with the receipts of money by the agent of the defendant for a year.

These annual receipts are properly described as income, and are sometimes the basis of taxation. Without questioning the power of the state to collect taxes thereon, it must be admitted, that when imposed upon the gross income without allowing abatement on account of expenditures and losses, it would be a most oppressive and unjust method of raising revenue when applied to the business of the country generally. The state does not, except in certain cases where sound policy demands it and injustice is not wrought, resort to this method of taxation; it is by no means so general and so common, that, when adopted by the city, it can be sustained on the ground that it is a necessary incident of the taxing power as conferred on the city, or that it will be presumed that the power to levy taxes, in that way, was granted to the city by implication, in bestowing upon it the general power to collect taxes.

It will not be denied that the city cannot exercise the taxing power, except in the manner provided in the charter; certain methods of raising revenue being therein pointed out, they must be pursued and no other. As we have seen, there is no express grant of power in the charter

to levy the tax in question. The city is limited to licenses, and assessments upon taxable property in raising its revenue. It is not claimed that the tax was levied under the power to issue licenses; we have seen that it cannot be supported under the power to assess taxable property, for that upon which it is levied is, in no proper sense, property. We conclude, therefore, that it was assessed without authority of law, and its collection cannot be enforced.

　　　　　　　　　　　　　　　　　　　　　　Affirmed.