CICERO N. HUGHES

*v.*

THE CITY OF CAIRO.

1. JUROR—*competency—ground of objection not apparent.* In a suit against the agent of a foreign insurance company doing business in this State, to recover a special tax levied under the statute according to its net receipts of premiums, a person presented as a juror stated that he had " an opinion upon the question of the right of a foreign insurance company to do business in this State on the same terms and conditions as home companies; " but it did not appear what question had been propounded to the juror, and his answer was so indefinite and general it could not be known whether his opinion, whatever it was, had any relation to the merits of the case, so there was no error in overruling the defendant's objection to the competency of the juror.

2. TAXATION—*of foreign insurance companies, as distinguished from home companies—constitutionality of the act on that subject.* Section 1 of art. 9 of the constitution of 1870, provides that the General Assembly shall have power to tax "insurance" interests or business, and "persons or corporations owning or using franchises and privileges, in such manner as it shall from time to time direct by general law, uniform as to the class upon which it operates." The statute (Rev. Stat. 1874, 230, ₹ 110,) which authorizes cities, villages, etc., to tax insurance companies doing business therein, which are not incorporated under the laws of this State, is not in violation of the rule of uniformity prescribed in that section of the constitution. Foreign insurance companies doing business in this State, and domestic insurance companies incorporated under the laws of this State, may well be regarded as belonging to distinct " classes," for purposes of taxation, within the meaning of that clause of the constitution which requires the tax to be "uniform as to the class upon which it operates."

3. Moreover, the statute in question may be sustained under the power which permits the General Assembly to impose terms upon foreign corporations proposing to do business in this State, as such corporations have that privilege only by the comity which exists between the States.

APPEAL from the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.

This action was brought under section 110, chapter 24, Rev. Stat. 1874, by the City of Cairo, against Cicero N. Hughes, to recover of him $2 on each $100 of the net receipts of premiums for foreign insurance companies doing business in the city of Cairo, for which defendant was agent. The cause was submitted to a jury, who found the issues for plaintiff and assessed its damages at $200. The court overruled the motion made for a new trial and in arrest of judgment, and rendered judgment on the verdict, to reverse which defendant brings the case to this court on appeal.

Mr. SAMUEL P. WHEELER, for the appellant:

The important question in this controversy is, the constitutional validity of sec. 110, ch. 24, Rev. Stat. 1874, under which this suit is brought, and which permits a discrimination against insurance companies not incorporated under the laws of this State, imposing a burden upon them in the way of taxation from which domestic companies are exempt.

Section 1 of art 9 of the constitution of 1870, requires the tax levied upon "insurance" and other interests and business enumerated, to be "uniform as to the class upon which it operates." If individuals of a class are singled out for exemption, there is manifest inequality in the rule of taxation. Cooley on Taxation, 128, and cases there cited.

The case of *Ducat* v. *City of Chicago*, 48 Ill. 172, presents the exact question in this case, with one exception, and that is, the limitation upon the power of the General Assembly found in the last clause of sec. 1, art. 9, of our present constitution, adopted since the decision of that case. That limitation is not found in the constitution of 1848, but should have a controlling effect in this case.

Messrs. LINEGAR & LANSDEN, for the appellee, in support of the constitutionality of the act, cited *City of East St. Louis* v. *Wehrung,* 46 Ill. 393 ; *The People* v. *Thurber,* 13 id. 554 ; *State* v. *Fosdick,* 21 La. Ann. 434 ; Burroughs on Taxation, 69, 150.

In the case of *Western Union Tel. Co.* v. *Lieb et al.* 76 Ill. 172, the court, speaking of foreign corporations, say : " There can be no doubt of the power of the legislature to impose taxation on such corporations, to whatever extent it may, in its discretion, choose, as the condition upon which the corporation shall be allowed to exercise its franchise and privileges in this State." See also, *C. M. H. A. Co.* v. *Rosenthal,* 55 Ill. 85 ; *Ducat* v. *City of Chicago,* 48 id. 172 ; same case, 10 Wall. 410 ; *Paul* v. *Virginia,* 8 id. 168 ; *Doyle* v. *Continental Ins. Co.* 4 Otto.

Mr. JUSTICE SCOTT delivered the opinion of the Court :

There was no ground shown for the challenge of Mehner when called as a juror. In answer to a question propounded by defendant, the juror answered that he had " an opinion upon the question of the right of a foreign insurance company to do business in this State on the same terms and conditions as home companies." It does not appear from the record what question was propounded to the juror, and his answer is so indefinite and general it can not be known whether his opinion, whatever it was, had any relation to the issues involved or to the merits of the case, and the objection to his competency was properly overruled.

An ordinance of the city, introduced in evidence, shows that provision had been made for a fire department, and the testimony given establishes the fact a fire department was organized and was in actual operation.

Evidence was introduced that the insurance companies doing business in Cairo for which defendant was agent and received premiums, were not companies " incorporated under the laws of this State," and as defendant has not assigned for

error that incompetent testimony was admitted at the trial, it might well be understood, if any objection to the testimony offered to prove that fact existed it was waived.    But aside from this view, the testimony offered was competent, and proved beyond all question the insurance companies which defendant represented were, in fact, foreign companies.    This point in the case is made so clear by the testimony that it admits of no discussion.

The point relied on with most confidence as a ground for the reversal of the judgment of the circuit court is, that sec. 110 of ch. 24, Rev. Stat. 1874, is inhibited by sec. 1, art. 9 of the constitution of 1870.    It is conceded the act under which the action is brought is valid, unless it is in conflict with our State constitution.

Power to tax " insurance " interests or business and persons or corporations owning or using " franchises and privileges," is expressly conferred on the General Assembly by sec. 1, art. 9 of the constitution " in such manner as it shall from time to time direct by general law, uniform as to the class upon which it operates."    Section 110 of the statute only applies to insurance companies, corporations or associations not incorporated under the laws of this State.    The argument is that all insurance companies, under this section of the constitution cited, constitute a class, and as the act in question makes a distinction between foreign and domestic insurance companies, and imposes a burden upon one and not on the other, therefore it is said, that uniformity required by the constitution does not obtain, and the law imposing the penalty is for that reason invalid.

The error of the position taken consists in assuming that all insurance companies, whether foreign or domestic, constitute a single class, indivisible, for taxation, under this section of the constitution.    This is a mistaken view of the law.    There is and can be no reason why insurance companies may not be divided into classes, consisting of foreign and domestic companies, and burdens imposed on the former that are not im-

posed by any general law on the latter class, without an infraction of any provision of the constitution. In *Ducat* v. *City of Chicago*, 48 Ill. 172, this court recognized the fact such distinctions might be taken under that clause of the 5th sec. of art. 9 of the constitution of 1848 that required all taxes imposed by municipalities " to be uniform in respect to persons and property within the jurisdiction of the body imposing the same." The principle of that case is conclusive of the one at bar.

Another ground upon which this judgment might be maintained is, that foreign corporations such as defendant represents can only do business in this State by that comity that exists between the States. Such companies must, therefore, submit to such terms as the State sees fit to impose upon them, or else cease to do business in the State. We are not aware there is anything in the clause of the constitution cited that would prohibit the General Assembly from imposing terms upon which foreign insurance companies or any other foreign corporation may do or transact business within the State.

The judgment must be affirmed.

*Judgment affirmed.*