AACHEN & MUNICH FIRE INSURANCE COMPANY, APPELLANT,
v. CITY OF OMAHA ET AL., APPELLEES.

FILED OCTOBER 20, 1904.   No. 13,824.

1. **Taxation:** FOREIGN INSURANCE COMPANIES.   Under the first clause
of section 1, article IX of the constitution of this state, which
enacts, "The legislature shall provide such revenue as may be
needful, by levying a tax by valuation, so that every person and
corporation shall pay a tax in proportion to the value of his, her
or its property and franchises," property and franchises within
the state must be taxed according to valuation, and no discrim-
ination can be made between foreign or domestic fire insurance
companies as to taxes laid under this subdivision.

2. ———: CONSTITUTIONAL LAW.   A tax upon the gross amount of pre-
miums received by a foreign fire insurance company during the
preceding year within the county, town, city, village and school
district where the agent conducts the business is not a tax upon
property required to be laid under the first clause of section 1,
article IX of the constitution, but is a tax upon insurance inter-
ests or business, and is authorized by the second subdivision of
said section.   *Phœnix Ins. Co. v. City of Omaha*, 23 Neb. 312,
distinguished.

3. ———: ———.   Under the second clause of said section, providing
for the taxation of persons because of the businesses or occupa-
tions in which they shall be engaged, a tax possesses the requisite
character of uniformity if the persons subject to it are duly
divided into classes, and the law operates on the members of
each class uniformly under substantially the same circumstances
and conditions.

4. ———: ———.   Section 6 of article IX of the constitution pro-
vides affirmatively that taxes on persons for corporate purposes
shall be levied by municipal authorities under powers vested in
them by the legislature for that purpose, and by section 7 of that
article the legislature is forbidden to levy taxes upon persons
or property for the corporate uses of municipal corporations.
That which is forbidden to be done directly cannot lawfully be
done by indirection.

5. ———: ———.   For the purposes of taxation under either section
1 or section 6, article IX of the constitution, insurance companies
not organized under the laws of this state may be treated as a
single class, and taxed at a rate different from that imposed upon
such corporations that are so organized.

6. ———: ———. Section 7, article IX of the constitution, prohibits the legislature from imposing taxes on municipal or other corporations, or the inhabitants or property thereof, for corporate purposes. *Held*, That the tax sought to be imposed upon the appellant fire insurance company was attempted to be imposed under the direct authority of the legislature, and is in conflict with the provisions of said section. *State v. Wheeler*, 33 Neb. 563, followed.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

*Greene, Breckenridge & Kinsler,* for appellant.

*C. C. Wright* and *W. H. Herdman, contra.*

BY THE COMMISSION.

This is a proceeding in error from a judgment of the district court for Douglas county sustaining a general demurrer to the petition and dismissing the action. The action was brought by the Aachen & Munich Fire Insurance Company, a foreign corporation, for the purpose of restraining the city of Omaha and August H. Hennings, the city treasurer, from enforcing and collecting a tax which was assessed for municipal purposes by the tax commissioner of that city upon the gross premium receipts within the city of Omaha of the plaintiff for the preceding calendar year, under section 58 of the revenue law (article I, chapter 77, Compiled Statutes, 1903; Annotated Statutes, 10457). The grounds upon which the plaintiff seeks to declare the tax void are as follows: Discrimination between fire insurance companies organized under the laws of other states or countries and domestic fire insurance corporations; also discrimination between foreign life, accident and surety companies and foreign fire insurance companies; and further, that section 58, which provides for the assessment and taxation as property of the gross premium receipts during the preceding year of foreign fire insurance companies, is void because it lays a property tax on incomes for a previous year without regard

to the actual existence in the state of any taxable prop-
erty. That section 58 is void by reason of the discrimina-
tions, privileges and immunities in sections 59, 60 and 61
in favor of other insurance companies; and that the act
is broader than its title.

In the brief of plaintiff and in the oral argument our
attention has mainly been directed to the following propo-
sitions: First, that the tax is void because it is a tax
on money not within the jurisdiction of the state or taxing
districts at the time it was levied. Second, that section
58 of the revenue law, under which the tax commissioner
and the city treasurer of Omaha are seeking to proceed,
authorizes all taxing districts within the state to assess
and tax the gross receipts of foreign fire insurance as items
of property, the same as property and franchises are
assessed and taxed under the provisions of the first clause
of section 1, article IX of the constitution, and is therefore
void. Third, the tax is void because section 58 authorizes
the taxing districts mentioned therein to impose a larger
burden upon the property of foreign fire insurance than
it authorizes them to impose upon the property of other
insurance companies doing business in this state, and, in
this respect, provides for an unjust and arbitrary dis-
crimination upon the property of foreign companies for
the purpose of taxation. Fourth, that section 58 does not
operate uniformly upon all insurance companies which
are members of the same class within the meaning of the
constitution.

The question which lies at the very threshold of the
investigation in this case is under which, if either, of the
two clauses of section 1, article IX of the constitution,
can such a tax as this be upheld? Section 1, article IX
of the constitution of the state of Nebraska, is as follows:
"The legislature shall provide such revenue as may be
needful, by levying a tax by valuation, so that every person
and corporation shall pay a tax in proportion to the value
of his, her or its property and franchises, the value to be
ascertained in such manner as the legislature shall direct,

and it shall have power to tax peddlers, auctioneers, brokers, hawkers, commission merchants, showmen, jugglers, innkeepers, liquor dealers, toll bridges, ferries, insurance, telegraph and express interests or business, venders of patents, in such manner as it shall direct by general law, uniform as to the class upon which it operates." By the first clause of this section it is directed that "the legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property and franchises, the value to be ascertained in such manner as the legislature shall direct." A tax laid under this subdivision is imperatively required to be levied by valuation, so that the tax shall be in proportion to the value of "property and franchises." Under these provisions there can be no discrimination between persons or classes. Every person and every corporation must be taxed alike by valuation. The law knows no distinction between persons or corporations, or between foreign or domestic corporations, under the powers granted by this clause. This court said, by SULLIVAN, C. J., in *State v. Fleming,* 70 Neb. 523, in speaking of foreign insurance corporations:

"Such companies have no authority to transact business in this state without the consent of the state, and, when they seek the privilege, they must comply with the conditions imposed. After coming here, their property must be dealt with on terms of equality with the property of the citizen. It is subject to no further burden in the way of taxation than is imposed upon the resident, but, for the privilege of doing business here, they must submit to such conditions as the legislature sees fit to impose."

The legislature has no power to impose a tax by valuation upon the property of foreign fire insurance companies within this state, and at the same time exempt domestic fire insurance companies from a like burden. If such a discrimination were made, it could not be upheld. If the tax of which complaint is made in this case, there-

fore, is a tax upon property, there is a manifest discrimination made between the property of foreign and domestic fire insurance companies. But is it a tax upon property? Under the facts stated in the petition and admitted by the demurrer, much the greater part of the money received for premiums during the preceding calendar year was not in the state when the assessment was made. The money received for premiums had been sent out of the state, and only a small amount was actually within manual reach of the taxing officers. It is an elementary proposition that the state has power to tax all property within its limits, but it cannot reach outside and lay its hands on the property of nonresidents not within its sovereignty. *Clother v. Maher*, 15 Neb. 1; *Finch v. York County*, 19 Neb. 50; Judson, Taxation, secs. 391, 431. The theory of taxation is that each individual shall contribute to the state a fair proportion of his substance within its limits in return for the protection to his person and his property afforded him while within its jurisdiction. This excludes the idea of tangible property lying within the confines of another state which belongs to residents of the foreign state, and which may properly be and usually is taxed for the support of the government of that state, being subject to taxation in this state. The general rule is that the domicile of the owner is the *situs* of personal property for the purpose of taxation. This rule has its exceptions, and the legislature has the power, where personal property is actually within this state, to separate it from the domicile of a nonresident owner for the purpose of taxation. When, however, both the residence of the owner and his tangible personal property are outside of the limits of the state, no power exists in the legislature to make such property a subject of taxation.

It is strongly urged by the plaintiff that the language of the law reciting that such gross receipts are "to be taken as an item of property of that value, to be assessed and taxed on the same percentage of such value as other property," clearly and irrefutably shows that the tax is a tax upon

property and therefore void. But we think we are not driven to this conclusion, and that the language, "to be taken as an item of property of that value," may be reasonably construed as a direction to the assessing officer as to how it is to be listed in his schedules, and is not an authoritative declaration and classification of the tax as a property tax. Even if it were such a declaration, the fact that the legislature called that a property tax which was not a property tax, and that the name was a misnomer, would not invalidate the tax if it were otherwise valid as a proper exercise of the taxing power under the authority conferred by the constitution. It is never presumed that the legislature enacted a law with the intention of violating the constitution, and it is a sound rule that if two reasonable constructions of a statute may be made, one of which will not violate the organic law while the other will, that construction is to be preferred which is in accordance with constitutional provisions. The tax in question is not a license tax imposed upon this corporation as a condition precedent to being allowed to do business in this state; no element of police power enters into it; its purpose is merely to raise revenue; it is a tax upon the business of transacting fire insurance by a class of fire insurance companies who are incorporated in other states and foreign countries. It is not a property tax, but it is a tax on insurance interests which is a business tax, and is not authorized by the first subdivision of section 1, article IX of the constitution.

It is true that in the case of *Phœnix Ins. Co. v. City of Omaha,* 23 Neb. 312, the gross premiums received by every insurance company, other than mutual companies without capital stock within this state, during the year previous to the year of listing in the county where the agent conducts the business, were held to be assessable and taxable as personal property in the hands of such agent. But in that case it is said by Justice COBB:

"I do not understand the plaintiff in error to raise a question as to the constitutionality of the revenue law

(chapter 77, Compiled Statutes, 1887), as a whole, or of any section or provision of.it. Its contention is, that the earned premiums of insurance companies of the class to which it belongs are not among the subjects of taxation within its provisions; and secondly, if they are classed among the subjects of taxation by state and county authorities, yet, that cities have not been vested with authority to tax them for municipal purposes."

The court, therefore, in that case only passed upon these questions, and the constitutionality of the provisions of the law was not considered. The case, therefore, is readily distinguishable from the case at bar, where the issue of constitutionality is distinctly raised. That case merely construed the statute, while the instant case attacks the validity of the enactment itself. We are not bound, therefore, by the holding in that case that such premiums were assessable and taxable as property.

We shall next inquire whether authority to impose such a tax is conferred by the second clause or subdivision of section 1, article IX of the constitution, which is as follows: "It" (the legislature) "shall have power to tax peddlers, auctioneers, brokers, hawkers, commission merchants, showmen, jugglers, innkeepers, liquor dealers, toll bridges, ferries, insurance, telegraph and express interests or business, venders of patents, in such manner as it shall direct by general law, uniform as to the class upon which it operates." We have already seen that the tax is not a property tax laid by valuation, but is a tax upon business. A tax upon "insurance interests or business" is expressly authorized by this subdivision, so that, if the tax complies with the further requirement of uniformity as to the class upon which it operates, it may be upheld as a valid exercise of taxing power. By section 58, foreign fire insurance companies are placed in a class by themselves, and it is argued by the plaintiff that the effect of this action, in thus segregating foreign fire insurance companies from other fire insurance companies, is to unjustly and arbitrarily discriminate against them as between

themselves and all other insurance companies, and that the tax is not "uniform as to class." If, as is contended by the counsel for plaintiff, all insurance companies necessarily belong in the same class for taxing purposes, there can be no escape from the conclusion which they draw; but is there not such a difference in conditions, manner of doing business, place of organization, disposition of premium receipts, and other matters, as to justify the division or classification made between foreign and domestic companies doing fire insurance business?    A classification to be valid must not be arbitrary. It must rest upon some real distinction, and unless it does so it cannot be upheld. *Rosenbloom v. State,* 64 Neb. 342. There is a real distinction, and not an artificial or arbitrary one, between a domestic and foreign corporation of this nature which is clear and obvious. In *Hughes v. City of Cairo,* 92 Ill. 339, the constitutionality of a statute which authorized the cities and villages of the state of Illinois to impose a tax upon the premium receipts of foreign insurance companies doing business within their respective limits was assailed, but the court upheld the imposition levied as a valid exercise of the power of taxation. With reference to classification for the purposes of taxation the court say:

"The error of the position taken consists in assuming that all insurance companies, whether foreign or domestic, constitute a single class, indivisible, for taxation, under this section of the constitution. This is a mistaken view of the law. There is and can be no reason why insurance companies may not be divided into classes, consisting of foreign and domestic companies, and burdens imposed on the former that are not imposed by any general law on the latter class, without an infraction of any provision of the constitution. In *Ducat v. City of Chicago,* 48 Ill. 172, this court recognized the fact such distinctions might be taken under that clause of the 5th section of article IX of the constitution of 1848 that required all taxes imposed by municipalities 'to be uniform

in respect to persons and property within the jurisdiction of the body imposing the same.' The principle of that case is conclusive of the one at bar."

In the absence of constitutional restraints, the power of the legislature over taxation is as unlimited as the subject with which it deals. In our constitution, that power is restrained in two particulars only, namely, taxes upon property and franchises are required to be levied in proportion to value, and taxes upon persons or occupations are to be uniform with respect to the classes affected by them, but the legislature is left with a free hand in the matter of classification, and as to what classes shall be taxed and what exempt, and as to the gravity of the burden imposed upon the former. It is only required that such taxes for general state revenue purposes shall be levied in accordance with a uniform rule, and that those levied by municipal corporations shall be imposed by corporate authorities in the exercise of powers conferred upon them by the legislature. As is said in 2 Cooley, Taxation (3d ed.), 1094:

"It has been seen that the sovereignty may, in the discretion of its legislature, levy a tax on every species of property within its jurisdiction, or, on the other hand, that it may select any particular species of property, and tax that only, if in the opinion of the legislature that course will be wiser. And what is true of property is true of privileges and occupations also; the state may tax all, or it may select for taxation certain classes and leave the others untaxed. Considerations of general policy determine what the selection shall be in such cases, and there is no restriction on the power of choice unless one is imposed by constitution."

In consonance with this principle, the supreme court of Kansas in *Phœnix Ins. Co. v. Welch*, 29 Kan. 672, speaking by Mr. Justice Brewer, say:

"It matters not whether this charge upon the plaintiff is to be regarded in the nature of taxation or a license. In neither case is it justly obnoxious to the charge of inequal-

ity in the sense that would make it unconstitutional. The legislature may classify for the purposes of taxation or license, and when the classification is in its nature not arbitrary, but just and fair, there can be no constitutional objection to it. Thus, within the state municipalities are classified by population, and the authorized rate of taxation is, or may be, very different in each. Here foreign insurance corporations are classified by the states from which they come, and when we consider the purposes of such classification it cannot be held that there is anything arbitrary or unjust therein." To the same effect are *Scottish Union and National Ins. Co. v. Herriott,* 109 Ia. 606, 80 N. W. 665; *City of Dubuque v. Northwestern Life Ins. Co.,* 29 Ia. 9; *State v. Insurance Company of North America,* 115 Ind. 257, 17 N. E. 574. We are of opinion, therefore, that the conclusion reached by this court in *State v. Fleming,* 70 Neb. 523, upholding the separate classification and special discriminating taxation of foreign insurance companies, is right and ought to be adhered to, and we are of opinion that abundant justification therefor is found in the revenue clauses of the constitution and in judicial opinions. *Hughes v. City of Cairo,* and *Ducat v. City of Chicago, supra.*

It is further argued that the tax does not act uniformly upon all insurance companies which are members of the same class, and is therefore void. With this contention we cannot agree. Mr. Cooley in his work on Taxation (Vol. 1, 3d ed., p. 261), in discussing the requirement of uniformity, states that a business tax may be a sum whose amount is regulated by the business done or income or profits earned, and further, "If a state, for example, were to decide to levy an occupation tax upon one of the learned professions, it might decide to lay the same tax upon each member, or it might discriminate so that the tax should be proportioned to the professional income. Either course would be admissible provided the rule were made general." It is said in *Worth v. Wilmington & W. R. Co.,* 89 N. Car. 291:

"The governing principle is not that the same specific tax shall be paid by each, as a form of capitation tax, but that, whether levied upon and measured by the amount of gross or net earnings or other standard, as upon real or personal estate, there shall be no discrimination made among individuals of a class, based upon privileges and immunities secured to one under contract and not to another."

The constitution of California requires that taxation shall be equal and uniform, but it was held in *City and County of Sacramento v. Crocker,* 16 Cal. 119, that the requirement of uniformity was not violated by a tax upon business graduated by the amount of sales. In *Templeton v. Tekamah,* 32 Neb. 542, an ordinance was held valid which levied the sum of $10 upon each person, firm, association or corporation, keeping or using any stallion or jack for breeding purposes within the corporate limits of Tekamah. See also *Magneau v. City of Fremont,* 30 Neb. 843. A business or occupation tax levied by a municipal corporation, which bases the amount of the tax according to the number of pool tables used, or the quantity of any mercantile commodity sold, or upon the amount of the gross receipts of a street railroad, gas or electric light company, or the gross premiums received by an insurance company, complies with the rule of uniformity with respect to persons, and is not violative of the constitution in that respect. If the burden is equal as to all in the same occupation under the same conditions, it is uniform as to persons. *Rosenbloom v. State, supra.*

The plaintiff further contends that, since each member of the class is required to pay a tax proportionate to its annual gross receipts, and since the rate of taxation may be and usually is different in the various local taxing districts, the tax is not uniform by reason of this variability, and that therefore it violates the constitutional rule of uniformity and the section is consequently void. We cannot accept this conclusion. Much the larger part of the most important powers and duties of the state have

to do with the administration of law in its political sub-
divisions, like counties, towns and school districts.   Diver-
sities of circumstances among such localities occasion ̇
difference in the amount of expenditure requisite for the
administration of the same general laws in all of them.
Not necessarily, but as a matter of convenience and justice,
the state distributes the burdens of taxation in proportion
to the differences of expenditure, and commits the ad-
ministration of the laws relative thereto to local adminis-
trative boards and officers, but the powers and duties in
these respects which the latter perform are not the less,
on that account, the exercise of the functions of state
government.   The variability of which the plaintiff com-
plains is therefore one which arises from the operation
of uniform laws, and is due only to difference in the local
circumstances to which they have application.   If a
company is taxed more in one county, township, or school
district than it would be in another, it is not because of
the want of uniformity in the operation of the law, but
because it chooses to transact its business in the former
locality rather than in the latter.   To borrow a phrase
from the interstate commerce law, all the companies are
subjected to the same burdens under substantially the same
circumstances and conditions.

Counsel for the city attempts to uphold the tax by say-
ing that section 58 defines the annual gross premiums of
an insurance company as property, and assesses their
value for the purpose of taxation at their aggregate
amount, and thus brings them within the operation of
the clauses of the city charter which authorize levies for
municipal revenue purposes upon all taxable property
within the corporate limits.   Counsel for the plaintiff
argue that, for this very reason, the section is wholly void
as attempting to levy as a tax by valuation under the first
clause of section 1, article IX of the constitution, what
could only be imposed as a tax upon persons under the
second clause of that section.   We are unable to agree with
either contention. Section 12 (Annotated Statutes, 10411)

37

of the revenue law provides that property "shall be valued at its actual value which shall be entered opposite each item and shall be assessed at twenty per cent. of such actual value." If the gross annual premium receipts of an insurance company are entered upon the lists, the company will be compelled to pay upon them the same percentage which is exacted for general state purposes upon the actual value of taxable property in the locality in which its business is carried on. As we have already attempted to show, such an exaction would not violate the rule of uniformity prescribed by the second clause of section 1, article IX of the constitution, and it may therefore be upheld as an exercise of the power conferred by that section, although the legislature, perhaps, had not that clause in view when they framed and adopted the act.

Lastly, it is further urged that the tax is void because it is an attempt of the legislature to levy a tax for municipal purposes directly. Section 7, article IX of the constitution, provides as follows: "Private property shall not be liable to be taken or sold for the payment of the corporate debts of municipal corporations. The legislature shall not impose taxes upon municipal corporations, or the inhabitants or property thereof, for corporate purposes." It is admitted by the demurrer that the assessment complained of was made by the tax commissioner of the city of Omaha for municipal purposes only. The power to tax is inherent in the legislature. It may, under the authorization of section 6, article IX of the constitution, which is as follows: "The legislature may vest the corporate authorities of cities, towns and villages, with power to make local improvements by special assessment, or by special taxation of property benefited. For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes, but such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same"— vest municipal corporations with authority to assess and collect taxes for corporate purposes, but, unless such au-

thority has been expressly delegated to the municipal authorities by an act of the legislature, the power to impose the same does not vest in the municipality. This proposition is so elementary that the mere statement of it is all that is necessary. In the recent case of *State Board of Tax Commissioners v. Holliday*, 150 Ind. 216, 49 N. E. 14, cited and followed in *Hart v. Smith*, 159 Ind. 182, 64 N. E. 661, the principle is stated as follows:

"The power of taxation is a sovereign power and belongs exclusively to the legislative department of the government. * * * Where the legislature has not exercised this power, no other department of the state government can supply the omission; and where no such regulation has been prescribed by law as to any particular species of property, then such property cannot be taxed."

Legislative acts under which the authority to impose taxes is asserted are to be strictly construed. *People v. Chicago & A. R. Co.*, 194 Ill. 51, 61 N. E. 1064; *State v. Irey*, 42 Neb. 186. The defendants rely upon section 58 of the revenue law as their authority for the imposition of the tax, but if this is the only authority they have, then they are attempting to enforce a tax for municipal purposes imposed by the legislature directly upon the property within a municipal corporation for corporate purposes. By section 7, article IX of the constitution, the legislature is forbidden to impose taxes upon municipal corporations, or upon the inhabitants or property thereof, for corporate purposes.

In *State v. Wheeler*, 33 Neb. 563, the defendant in error was informed against for the violation of a law which required the payment to two per cent. of the gross premium receipts of foreign fire insurance companies within cities and villages as a duty or rate for the support of fire companies. It was contended upon behalf of the state that it was not a tax but a license fee imposed as a condition precedent to doing business, but this court held the exaction was not a license fee but a tax, and therefore violated the constitutional provisions inhibit-

ing the imposition of a tax by the legislature upon the inhabitants or property of municipal corporations for corporate purposes.

In *Lincoln Street R. Co. v. City of Lincoln*, 61 Neb. 109, 139, this court say:

"This section has received consideration from this court in *State v. Wheeler*, 33 Neb. 563, and *German-American Fire Ins. Co. v. City of Minden*, 51 Neb. 870. Speaking with reference to the first case, it is said in the latter: 'It is quite evident that it (the act considered in the first case) was held bad because it was an attempt by the legislature, not to empower municipal corporations to impose a tax for corporate purposes, but to impose by the legislature itself a tax for corporate purposes on the inhabitants and property of the municipal corporation, this being forbidden by section 7, article IX of the constitution.' If, then, the legislation now objected to is, in effect, the imposition of a tax by the legislature itself on the property of the defendant, and not an authority to the city to do it, the act would be void." *City & County of San Francisco v. Liverpool and London and Globe Ins. Co.*, 74 Cal. 113, 15 Pac. 380.

We are of opinion that the levy of taxes complained of in this action is void because the assessment was not made pursuant to any ordinance or authority of the city of Omaha, but under the supposed direct authority of section 58 of the revenue law, and therefore was a violation of section 6 and section 7 of article IX of the constitution.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED.