PETER KIEWIT SONS', INC., A CORPORATION, APPELLANT AND CROSS-APPELLEE, v. COUNTY OF DOUGLAS, APPELLEE AND CROSS-APPELLANT.

111 N. W. 2d 734

Filed November 17, 1961. No. 34997.

*Fraser, Wenstrand, Stryker, Marshall & Veach* and *Tracy J. Peycke,* for appellant.

*John J. Hanley, Arthur D. O'Leary,* and *William F. Ryan,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an appeal from the district court for Douglas County fixing the value of plaintiff's intangible property for taxation purposes.

In April 1959, plaintiff filed its intangible property tax return. In this return it listed Class A intangibles for assessment in the amount of $71,890 and Class B intangibles in the amount of $30,000. In its return the plaintiff showed that it owned stock in foreign corporations in the amount of $2,068,070. It showed also that it owned cash in banks outside Nebraska in the amount of $1,966,319. It further showed that it owned gross bills and accounts receivable in the amount of $2,323,664 and bills payable in the amount of $2,204,865. On November 2, 1959, plaintiff paid the taxes levied on the

amounts of Class A and Class B intangibles returned by it for taxation.

The record shows that the board of equalization of Douglas County took no action upon plaintiff's return during its regular session ending on June 26, 1959. After notice and hearing, the board of equalization on November 17, 1959, raised plaintiff's Class A intangibles from $71,890 to $4,361,875, and its Class B intangibles from $30,000 to $2,098,070 for taxation purposes for 1959. Plaintiff appealed to the district court, where the increased valuation was sustained in part. An appeal was thereupon taken to this court.

It is the contention of the plaintiff that the county board of equalization was without authority to raise plaintiff's intangible property valuations on November 17, 1959, for the reason that the increase in value was not the result of omitted or undervalued property within the meaning of section 77-1502, R. R. S. 1943. This contention is without merit. While it is true that plaintiff disclosed the ownership of the intangibles in question, it did not return them for taxation purposes. It in fact specifically excluded them as taxable items. This brings it within the meaning of omitted or undervalued property contained in section 77-1502, R. R. S. 1943.

The primary contention made by the plaintiff is that shares of stock in corporations foreign to Nebraska, bank deposits outside of Nebraska, and bills and accounts receivable arising from business transactions outside of Nebraska, are not taxable in this state. In this respect the record shows that plaintiff is a Delaware corporation with its business headquarters in Omaha, Nebraska. It carries on a general contracting business in many states and in many foreign countries. It owns stock in 7 corporations organized or domesticated in this state which are taxed in the normal manner and are not involved in this litigation. It owns stock in 21 subsidiary or affiliated corporations in other states and Canada. In three of these subsidiary or affiliated companies, plain-

tiff does not exercise business control at Omaha and with trivial exceptions their activities are outside of Nebraska. The office at Omaha does the accounting for all subsidiary and affiliated companies except one in New York and two in Canada. The plaintiff handles the financing of these companies, although but 5 percent to 10 percent of its business is carried on in Nebraska. The subsidiary and affiliated companies were organized for special purposes in carrying out plaintiff's operations and, undoubtedly, to provide tax benefits under existing federal revenue laws. The stock certificates in the subsidiary and affiliated corporations were kept in a safety deposit box in Council Bluffs, Iowa, a point just across the Missouri River from Omaha. There is no evidence that these stock certificates are taxed by the State of Iowa.

The statutory law of this state provides that all intangible property "in this state," not expressly exempt, shall be subject to taxation, and shall be valued and assessed at its actual value. § 77-201.01, R. R. S. 1943.

The record discloses that plaintiff owned stock in its subsidiary and affiliated corporations outside of Nebraska in the amount of $2,068,070. A presumption exists that the intangible property of a corporation is taxable in the state of its incorporation. Newark Fire Ins. Co. v. State Board of Tax Appeals, 307 U. S. 313, 59 S. Ct. 918, 83 L. Ed. 1312. But where it is shown that the domicile of the corporation is actually in a state other than the incorporating state, the situs of intangible property follows the domicile of the corporation and it is taxable in the domiciliary state. Wheeling Steel Corp. v. Fox, 298 U. S. 193, 56 S. Ct. 773, 80 L. Ed. 1143. The evidence shows that plaintiff was incorporated in Delaware and that its articles of incorporation provide that the principal office of the corporation in the State of Delaware is to be located at 100 West Tenth Street in the city of Wilmington. The by-laws of the corporation provide that the resident agent in Wilmington is to

be The Corporation Trust Company. The by-laws further provide that the corporation shall also have an office in the city of Omaha, Nebraska, and such other places as the board of directors shall designate. The evidence shows that plaintiff has never maintained an office in Wilmington and does not have a single officer or employee at that point. The seat of control of the plaintiff is in Omaha where its principal officer resides and directs the operations of the corporation. The evidence further shows that plaintiff keeps its records at its principal place of business in Omaha. It performs the accounting and bookkeeping of all of its 21 subsidiary and affiliated corporations, except 3, in Omaha. The financing of these corporations is handled and controlled from the company headquarters in Omaha. The evidence clearly shows that the company is actually domiciled in Nebraska, although it has a legal domicile in Delaware.

Normally the stock owned by plaintiff in its subsidiary and affiliated corporations would be held and controlled by it at its principal place of business. No reason is given as to why the company's stock certificates were kept in a safety deposit box in Council Bluffs, Iowa. It had no office, officers, or employees at that point so far as the record shows. The inference is plain that they were kept there to avoid taxation in Nebraska. The fact remains that they were in the possession and control of the principal officers of the corporation and the corporation itself, all of whom were domiciled in Nebraska. We think the plaintiff's stock in its subsidiary and affiliated corporations outside of Nebraska was an integral part of plaintiff's business in Nebraska and has a taxable situs in this state under the rule that the situs of the intangible property follows the owner's domicile for purposes of taxation. Commonwealth of Pennsylvania v. Sunbury Converting Works, 286 Pa. 545, 134 A. 438, 48 A. L. R. 992. At least, the placing of stock certificates in a safety deposit box in another state, without any ex-

pressed reason for doing so, is not sufficient reason for departing from the general rule.

In Massey-Harris Co. v. Douglas County, 143 Neb. 547, 10 N. W. 2d 346, this court said: "The general rule is that the situs of intangible personal property for the purposes of taxation is the domicile of the owner. This rule is usually bottomed on the legal maxim, 'mobilia sequuntur personam,' i.e., 'moveables follow the person;' or, as sometimes stated, the situs of personal property is the domicile of the owner." See, also, Aachen & Munich Fire Ins. Co. v. City of Omaha, 72 Neb. 518, 101 N. W. 3. The Legislature does have the power to separate the situs of personal property from the domicile of the owner where the personal property is actually within the state. Aachen & Munich Fire Ins. Co. v. City of Omaha, *supra.* There are no exceptions to the general rule that apply to this case. The plaintiff is domiciled in Nebraska and its personal property has a situs for tax purposes in the domiciliary state. State v. Burton Swartz Cypress Co., 190 La. 947, 183 So. 226. The stock certificates in subsidiary and affiliated corporations owned by plaintiff as the parent corporation are properly taxable in Douglas County, Nebraska, where the plaintiff is domiciled. They are "in this state" within the meaning of section 77-201.01, R. R. S. 1943.

Plaintiff asserts that its bank accounts in the amount of $1,966,319 carried in banks outside of Nebraska are not subject to taxation in Nebraska. A bank account is nothing more than an indebtedness owed by the bank to the depositor. All deposits and withdrawals in the case before us are controlled by the principal office of the plaintiff in Omaha. It is in fact an indebtedness owing to the plaintiff whose domicile is in Omaha. The situs of the bank account is the domicile of the owner for purposes of taxation. Massey-Harris Co. v. Douglas County, *supra.*

In Wheeling Steel Corp. v. Fox, *supra,* the court in a case very similar on its facts said: "The so-called

'money in bank' is not cash or physical property of the Corporation but is an indebtedness owing by the bank to the Corporation by virtue of the deposit account. From the Wheeling office proceed the items deposited and there the withdrawals are directed and controlled. In the light of this course of business as shown by the agreed statements of fact, we find no sufficient basis for concluding that the bank accounts thus maintained and controlled were properly attributable to the Corporation at any place other than its general office at Wheeling. If there were any special circumstances by which any of these deposits could be deemed to have been localized elsewhere, they do not appear upon the present record."

We think the bank accounts of the plaintiff carried in banks outside of Nebraska are taxable in Nebraska on the theory that they follow the domicile of the owner for purposes of taxation.

The evidence shows that plaintiff had bills and accounts receivable in the amount of $2,323,664. Plaintiff returned bills and accounts receivable in the amount of $30,000 which were admittedly localized and subject to taxation in Nebraska. It is the contention of the plaintiff that the remaining bills and accounts receivable in the amount of $2,293,664 are not subject to taxation in this state.

The bills and accounts receivable were owned by and payable to the plaintiff. It is asserted that plaintiff is a Delaware corporation and that the evidence is not sufficient to show that its intangible property has attained a tax situs in Nebraska. In addition to what we have previously said on this subject, we point out that plaintiff has no place of business in Delaware, although it has designated a resident agent in the city of Wilmington. The business affairs of plaintiff corporation are carried on in the city of Omaha. It is the seat of government of the corporation. Its principal officer resides there. Its board of directors meets there. The management

of the business affairs of the corporation originate wholly from the Omaha office. Its books and records are kept and maintained at that point. Its indebtedness is paid by the Omaha office and its financing is handled entirely from that office. The evidence indicates that its construction contracts are made at the Omaha office and that its construction projects are generally supervised from the Omaha office. In fact, the evidence indicates that all of the business of the corporation is directed from its headquarters office in Omaha. The bills and accounts receivable here involved were integral parts of the general contracting business conducted in Omaha. The case falls squarely within the holding of Wheeling Steel Corp. v. Fox, *supra*, and meets the objections in a contrary holding in Newark Fire Ins. Co. v. State Board of Tax Appeals, *supra*. We necessarily conclude that the domicile of the plaintiff corporation for tax purposes is in Douglas County, Nebraska, under the language of the Wheeling case wherein it is said: "The Corporation established in West Virginia what has aptly been termed a 'commercial domicile.' It maintains its general business offices at Wheeling and there it keeps its books and accounting records. There its directors hold their meetings and its officers conduct the affairs of the Corporation. There, as appellant's counsel well says, 'the management functioned.' The Corporation has manufacturing plants and sales offices in other States. But what is done at those plants and offices is determined and controlled from the center of authority at Wheeling. The Corporation has made that the actual seat of its corporate government." The evidence is clearly sufficient to overcome the presumption that the taxable situs of plaintiff's intangibles is in the incorporating state.

The bills and accounts receivable are owned by the plaintiff and their situs for tax purposes is the domicile of the owner in the absence of a showing that they are within any recognized exception. They are therefore

properly taxable in Douglas County, Nebraska, the actual domicile of the plaintiff corporation.

It is contended by the plaintiff that the stock in foreign corporations, the bank accounts outside of Nebraska, and the bills and accounts receivable arising outside of Nebraska, are not connected with plaintiff's Nebraska business and they therefore have no taxable situs in Nebraska. The general rule is that the situs of intangible personal property is the domicile of its owner. Where the intangibles of a nonresident owner have become localized, they may be taxed in the state where they are found. Southern Pacific Co. v. McColgan, 68 Cal. App. 2d 48, 156 P. 2d 81. This does not necessarily mean that they could not be taxed also at the domicile of the owner. Curry v. McCanless, 307 U. S. 357, 59 S. Ct. 900, 83 L. Ed. 1339, 123 A. L. R. 162; Cream of Wheat Co. v. County of Grand Forks, 253 U. S. 325, 40 S. Ct. 558, 64 L. Ed. 931. But in the instant case the owner is domiciled in Nebraska and its intangibles are taxable in this state on that basis alone under the evidence adduced. No attempt was made to show that these intangibles had a taxable situs outside Nebraska other than to state that they were held or arose outside the state. This is not enough. We are not here confronted with the problem of taxing intangibles found and taxed in another state, or subject to tax in such state, and its effect upon the power of the domiciliary state to tax. There is no evidence in this record that any of these intangibles were localized and subject to tax in any state other than Nebraska. There is nothing therefore to take them out of the scope of the general rule that the situs of intangibles for taxation is the domicile of the owner.

The defendant has cross-appealed from the judgment of the trial court as to the gross credits allowed in the assessment of the bills and accounts receivable. Suffice it to say that the trial court deducted the bills payable from the bills and accounts receivable and thereby fixed the value of the bills and accounts receivable arising

outside of Nebraska at $88,799 instead of $2,293,644. The bills payable were erroneously deducted. Stephenson School Supply Co. v. County of Lancaster, *ante* p. 453, 110 N. W. 2d 41. The judgment of the district court is modified by fixing the value of bills and accounts receivable for taxation purposes at $2,323,664. As so modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.