182

EQUITY UNION GRAIN COMPANY, A CORPORATION, APPELLEE,
v. BOARD OF EQUALIZATION OF THE COUNTY OF LANCASTER,
NEBRASKA, ET AL., APPELLANTS.

153 N. W. 2d 741

Filed October 27, 1967.   No. 36584.

Paul L. Douglas, William D. Blue, Ronald D. Lahners, Floyd A. Sterns, Walter D. Weaver, and Janice L. Gradwohl, for appellants.

Crosby, Pansing, Guenzel & Binning, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action involving the taxation of certificates

of indebtedness owned by plaintiff, Equity Union Grain Company, a corporation. The certificates were assessed and taxed in Lancaster County, Nebraska, and on appeal, the district court ruled that they were not subject to taxation in Nebraska. Defendants appeal.

This is a Missouri corporation, domesticated in Nebraska, with offices in Kansas City, Missouri, Lincoln, Nebraska, and Denver, Colorado, which has seats on the Kansas City and Denver Boards of Trade.

Its stockholders are local farmer-owned cooperative elevators principally in Kansas, Colorado, and Nebraska, with a few in Wyoming, South Dakota, and Iowa.

It deals in grain at all three stations located in Kansas City, Lincoln, and Denver. Each operates independently of the other in buying and selling grain, paying and collecting therefor, and keeps its own set of books. They are somewhat in competition with each other as each issues individual bids on grain.

Local managers responsible only to the board of directors are in charge of the Kansas City and Denver offices. The general manager has charge of the Lincoln office, but no authority over operations elsewhere. Monthly reports are made to the Lincoln office where a general accounting system is maintained.

There are 4 employees in the Kansas City office, 5 in the Denver office, and 30 in the Lincoln office. There are nine members of the board of directors, one from Kansas, and four each from Nebraska and Colorado. Meetings are held at various places, but generally in Lincoln.

Terminal elevators are owned in Lincoln and Kansas City. The Kansas City Terminal Elevator Co. is owned and operated by plaintiff and the Missouri Farmers Association. The certificates of indebtedness in question here were issued by such elevator company, and used as a method of ownership and as collateral for a loan to the elevator company.

Ordinarily, a corporation is domiciled for tax purposes

in the state of its incorporation; and, in the absence of a statute to the contrary, its intangible personal property has its tax situs in that state, unless a business situs elsewhere has been established. See, Peter Kiewit Sons', Inc. v. County of Douglas, 172 Neb. 710, 111 N. W. 2d 734; 84 C. J. S., Taxation, § 130, p. 254.

When a foreign corporation is domesticated, there is a domestic resident corporation within each state insofar as the corporation has been created by, and exists under, its laws, and a foreign corporation insofar as it exists and exercises franchises under the laws of another state. See, § 21-20,122, R. S. Supp., 1965; 20 C. J. S., Corporations, § 1795, p. 18. Domesticating a foreign corporation in Nebraska, for purposes of taxation, has much the same effect as establishing "a business situs" in Nebraska and its intangible property may have a situs, for taxation purposes, apart from the state of its original incorporation. Peter Kiewit Sons', Inc. v. County of Douglas, *supra.*

Before a state, where such corporation has been domesticated or has established a business situs, may tax such intangible property, it must appear to have a reasonable connection with the business of the company in such state in that it has a localized use, is primarily an asset of the local business, and under local management and control. See, Peter Kiewit Sons', Inc. v. County of Douglas, *supra;* 84 C. J. S., Taxation, § 116c, p. 234. A state has no authority to tax the property of a foreign corporation which is clearly outside the state and forming no part of its domestic business. See, 84 C. J. S., Taxation, § 186, p. 345; Marshall-Wells Co. v. Commissioner of Taxation, 220 Minn. 458, 20 N. W. 2d 92.

In the present instance, plaintiff maintains and operates a separate business at the place of its incorporation in Missouri, and another in Denver, Colorado, as well as one in Lancaster County, Nebraska. The Kansas City Terminal Elevator Co., which issued the certificates of indebtedness in question, was purchased and is owned

by plaintiff and its associate, Missouri Farmers Association, is located in Kansas City, Missouri, and is operated in connection with the business of the plaintiff at its Missouri office completely independent of the Lincoln office. The certificates of indebtedness, which are used as evidence of ownership, are subject to taxation in Missouri, are clearly an adjunct of the Missouri branch of plaintiff's business, having no situs for any purpose in Nebraska, and not subject to taxation therein.

The judgment of the district court is affirmed.

AFFIRMED.