EDWARD SMELT, PLAINTIFF IN ERROR, v. W. S. KNAPP, DEFENDANT IN ERROR.

1. **Practice in Justice Court:** OBJECTION TO JURISDICTION. An objection to the jurisdiction of a justice of the peace "because there has been no proper notice served upon the defendant" is too general when the record shows that personal service of summons has been made on the defendant. The objection should point out the defect relied upon.

2. ———: ———.    An objection to the name in which a plaintiff
brings suit cannot be raised by an objection to the jurisdiction of
the court.   It should be done, if at all, by plea in abatement.

ERROR to the district court for Nuckolls county.    Tried
below before MORRIS, J.

*H. W. Short,* for plaintiff in error.

*W. A. Bergstresser,* for defendant in error.

REESE, J.

The defendant in error brought suit against the plaintiff
in error in justice court, in Nuckolls county, for the sum
of one dollar and fifteen cents.    The action was brought
in the name of W. S. Knapp, plaintiff.    On the return
day the plaintiff in error appeared specially : " 1st.   To
object to the jurisdiction of the court over defendant, be-
cause there has been no proper notice served upon defend-
ant ;" and, " 2d.   Because the plaintiff has no legal capacity
to sue in the name or initial letters of the name W. S.
Knapp."

These objections were both overruled by the justice.
The plaintiff in error declining to appear further, a trial
was had, which resulted in a finding of one dollar and fif-
teen cents in favor of the defendant in error.    The cause
was then removed to the district court by plaintiff in er-
ror, who sought to reverse the decision of the justice of
the peace.    The decision of the justice was affirmed by the
district court, and he now prosecutes error to this court.

The first objection presented to the justice is too general.
If by the term " notice " the plaintiff in error referred to
the summons, he should have specified wherein it was de-
fective.

The second objection is not well taken.    The *jurisdiction*
of the court over the person is obtained by the service of

process. *Frazier v. Miles*, 10 Neb., 113. Process had been served on the plaintiff in error, therefore the court had jurisdiction over him.

The proper method of raising the question, sought to be presented by the plaintiff in error, if it can be done at all, is by a plea in abatement. Maxwell's Practice, p. 379.

The plaintiff in error alleges in his petition that the justice erred in rendering judgment against him for $81.15. If such a judgment has been entered it is clearly erroneous. The original transcript of the justice of the peace is on file in the record in this court. From an inspection of this transcript it is very difficult to determine the amount found due the defendant in error, but we think it sufficiently appears that the amount is $1.15, and the judgment will be affirmed for that sum.

JUDGMENT AFFIRMED.

THE other judges concur.