## WHITCOMB et al. v. HOOPER.

(Circuit Court of Appeals. Seventh Circuit. July 17, 1897.)

### No. 321.

APPEARANCE—MISNOMER—TENDERING FALSE ISSUE.

Plaintiffs were sued as receivers of the Wisconsin Central Railway Company, which had no existence; but they were receivers of the Wisconsin Central Company, and also of the Wisconsin Central Railroad Company. They appeared, and answered to the merits as receivers of the latter company, alleging the misnomer. On the trial they introduced evidence showing that as receivers of such company they had no connection with the employment of plaintiff, out of which the cause of action arose. *Held*, that they had made a full appearance, and, having pleaded to the merits, and tendered a false issue, they waived all objection to the character or service of the process and jurisdiction of the court, and that the court properly permitted an amendment to the complaint, charging them as receivers of the proper company.

In Error to the Circuit Court of the United States for the Western District of Wisconsin.

This was an action for personal injury, brought by Hooper, the defendant in error, against Whitcomb and Morris, as receivers of the Wisconsin Central Railway Company,—the company being so named in the præcipe, the summons, the marshal's return of service of the summons, and in the complaint afterwards filed. The plaintiffs in error, after being served with a copy of the complaint. filed an answer entitled as if in an action against them as receivers of the Wisconsin Central Railroad Company. They admitted by their answer their appointment as receivers of the Wisconsin Central Railroad Company, as alleged in the complaint, though misnamed the Wisconsin Central Railway Company therein, and denied all other allegations of the complaint. Upon the issues so joined testimony on both sides was taken. It was shown by the defendants, and was not disputed, that on September 27, 1893, they were appointed receivers of the Wisconsin Central Company by the circuit courts of the United States for the Eastern and Western districts of Wisconsin, and on the same day, in a separate action for foreclosure, were appointed by the same courts receivers of the Wisconsin Central Railroad Company; that as receivers of the Wisconsin Central Company they were at the time of the injury in question the sole employers of plaintiff, and of all those engaged with him in the operation of trains on the tracks where he was hurt, and that as receivers of the Wisconsin Central Railroad Company they had no interest in the work which was then being done, or in the parties employed in doing it. At the close of the testimony the defendant in error offered an affidavit, which the court declared unnecessary, and on motion, which the affidavit was designed to support, obtained leave to strike the word "Railway" from the title of the cause. That having been done, the defendants moved that the jury be directed to return a verdict in favor of the defendants as re-

ceivers of the Wisconsin Central Railroad Company. The court denied the motion, and thereupon counsel, who had conducted the trial for the receivers, appeared especially for them as receivers of the Wisconsin Central Company, and objected to the jurisdiction of the court to proceed to judgment against them in that capacity, because they had not been served with process, and had not voluntarily appeared, and because the action had not been brought in the proper district: but the objections were overruled, and the case was given to the jury without further appearance of counsel for the plaintiffs in error as receivers of the Wisconsin Central Company. Exception in proper form was saved to each ruling of which complaint is made.

Howard Morris and Thomas H. Gill, for plaintiffs in error.
T. F. Trawley and W. H. Stafford, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

The plaintiffs in error were not sued nor was judgment rendered against them as receivers of the Wisconsin Central Railroad Company. In that capacity they were not parties to the record, unless they succeeded in making themselves so by an averment in their answer, which in so far as it was designed to show that the suit was intended to be or ought to have been brought against them as receivers of that company was not true, and can hardly be deemed to have been ingenuous. Only the plaintiff and his counsel were ignorant and in confusion about the names of the different railroad companies, and whether liability should be alleged against the defendants as receivers of a company of one name or another. The defendants and their attorneys, it is evident upon the testimony which they adduced, were cognizant of the facts from the beginning; and, the action having been commenced against them as receivers of a company described by a name which had no existence, it was their plain duty to suggest in their answer the capacity in which they knew themselves to be liable, if liable at all, for the plaintiff's injury, and not to tender a false or vain issue in the name of a company as representatives of which they could not be made responsible for the injury suffered. The course pursued by them made it immaterial whether the summons was served upon one who was their agent as receivers of the Wisconsin Central Company. Their appearance to the action was a full appearance. Their answer went to the merits, and the assertion of misnomer, and the misleading suggestion of Wisconsin Central Railroad Company as the name of the company which they represented, did not make the appearance special, or an appearance in the capacity of receivers for that company only. It was an appearance for every proper purpose under the rules of practice, including, of course, any legitimate correction in the names or description of parties and a corresponding amendment of the process.

If it was desired to object to the jurisdiction of the court on the ground that the action had not been brought in the right district, or that the summons had not been served upon an agent who represented the defendants as receivers of the Wisconsin Central Company, it should have been done by a plea to the jurisdiction, or, perhaps, by a motion showing that they were liable, if at all, as receivers of the

Wisconsin Central Company, and that in that capacity they had not been served with and were not amenable to the process of the court.

There are, perhaps, other grounds upon which it might be held that the plaintiffs in error waived objection to the jurisdiction of the court over them, but they need not be considered. We rest our ruling upon the proposition that, being receivers for two companies, neither of which was correctly named in the præcipe, summons, return of service, and the complaint, they were bound, if they chose to answer to the merits, to suggest the right name, and not to tender a false issue; and that, having taken the latter course, they waived all objections to the character or service of the process, and came under the jurisdiction of the court. The judgment below is therefore affirmed.