BENJAMIN F. SPINNEY & another *vs.* CITY OF LYNN.

Essex.   November 3, 1898. — January 9, 1899.

Present: FIELD, C. J., HOLMES, LATHROP, BARKER, & HAMMOND, JJ.

*Taxation of Personal Property situated out of the State — Action.*

In an action to recover the amount of a tax paid under protest, it appeared that the plaintiffs with one M: lived in the defendant city but carried on no business there, that they were copartners having a factory in N. in another State, and that the tax in question was assessed on account of their partnership property there situated.   The judge was warranted in finding that B. in this Commonwealth was the place of business of the firm.   *Held*, that, under Pub. Sts. c. 11, § 24, the property was taxable in B., and that the action could be maintained.

CONTRACT, to recover the amount of a tax assessed by the defendant to the plaintiffs on May 1, 1896, and paid under protest.   Trial in the Superior Court, without a jury, before *Sheldon*, J., who ruled that, upon the evidence, he was warranted in finding for the plaintiffs, and so found for a sum stated; and

reported the case for the determination of this court. ‘ If the ruling was right, judgment was to be entered on the finding for the plaintiffs; otherwise, the finding was to be set aside and a new trial granted. The nature of the evidence appears in the opinion.

*S. Parsons & E. T. McCarthy*, for the defendant.

*C. K. Cobb*, for the plaintiffs. ·

LATHROP, J.   The evidence in the case shows these facts. The plaintiffs, together with one Marston, lived in the defendant city. They were copartners in business, having a factory in Norway, Maine, and we assume for the present their place of business was in Boston. They carried on no business in Lynn. The tax in question was assessed upon the plaintiffs on account of their property in Norway. This was all partnership property, and was properly taxable to them in this Commonwealth, under the Pub. Sts. c. 11, § 24, in the place where their business was carried on, namely, Boston. It was, therefore, not taxable in Lynn. *Peabody* v. *County Commissioners*, 10 Gray, 97. *Hoadley* v. *County Commissioners*, 105 Mass. 519. *Ricker* v. *American Loan & Trust Co.* 140 Mass. 346.

In *Bemis* v. *Boston*, 14 Allen, 366, relied on by the defendant, the place of business was not in this Commonwealth. The firm had goods stored in a warehouse in Boston, but had no place of business in that city, the business of the firm being transacted in another State. One of the partners resided in Boston, and his interest in the property of the firm was held to be properly taxable in Boston. The case was decided on the ground that the Gen. Sts. c. 11, § 15, (which is § 24 of the Pub. Sts. c. 11,) did not apply where the place of business of the firm was out of the Commonwealth.

In the case at bar, the judge would have been warranted in finding that Boston was the place of business of the firm. The merchandise was bought in Boston, orders for goods were received there, and a large part of the goods were delivered from that city. The books were kept there, and the banking business was done there.

The ruling, therefore, was right; and, in accordance with the terms of the report, the entry must be,

*Judgment on the finding.*