CLAY, ROBINSON & COMPANY, APPELLEE, v. DOUGLAS COUNTY ET AL., APPELLANTS.

FILED JANUARY 24, 1911.   No. 16,174.

1. Taxation: PARTNERSHIP CREDITS: PLACE OF TAXATION    The credits of a partnership engaged in the live stock commission and money loaning business, that maintains but one office in Nebraska, are subject to taxation in the county, township, precinct, city and school district where that office is located.

2. ——: ——: ——. The doctrine that movables follow the person will not be applied so as to defeat the taxation of partnership credits evidenced by promissory notes executed by residents of Nebraska and payable in Chicago to a partnership transacting business in this state, where it appears that the payee for many years has maintained and still maintains an office and a place of business in Nebraska in charge of an agent, through whom the loans evidenced by the notes were negotiated, and at which place an extensive commission business is transacted by the partnership.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Reversed with directions.*

*James P. English* and *Alfred G. Ellick,* for appellants.

*Crofoot & Scott, contra.*

ROOT, J.

This is an appeal from a judgment of the district court vacating an order made by the board of equalization of Douglas county which increased the assessed valuation of the plaintiff's credits.

The facts are that the plaintiff is a partnership composed of five persons, all nonresidents of Nebraska. It maintains an office in South Omaha, and transacts business at no other point in the state, but its principal place of business is in Chicago. The plaintiff buys and sells live stock upon commission and loans money to live stock men. The plaintiff's South Omaha office is in charge of a Mr. Reed, and this gentleman is vested with great discretion in making loans, which are always evidenced by promissory notes payable at the plaintiff's Chicago office. Whenever a loan is negotiated, Reed draws a draft on the plaintiff in Chicago and deposits it to the partnership credit in a bank in South Omaha where it keeps an account, the draft is forthwith honored, and a check is drawn upon that bank payable to the borrower. The note and any collateral security given by the borrower are immediately transmitted to Chicago and there remain until the debt is paid, whereupon they are returned to Reed for the debtor. Notes are not sent to South Omaha for collection, but Reed accepts payments thereon, deposits the collections, and immediately transmits the proceeds to Chicago. Occasionally a payment is applied to satisfy a pending application for a loan. The plaintiff also transacts an extensive live stock commission business in South Omaha. The plaintiff admitted that during the year involved in this inquiry its average capital, loaned as aforesaid to residents of Nebraska, equalled $25,000, the amount of the assessed valuation in dispute. The plaintiff contends that its domicile is in Chicago, that the situs of its choses in action follows its person to that domicile, and that the board had no power to separate that situs from the plaintiff's ownership so as to establish a situs in Nebraska for the purposes of taxation.

Section 1, art. IX of the constitution, provides: "The legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her, or its property and franchises, the value to be

ascertained in such manner as the legislature shall direct."
Section 2, art. I, ch. 77, Comp. St. 1909, declares that
"the term 'personal property' includes every tangible and
intangible thing which is the subject of ownership and not
real property as defined in section one of this act." Sec-
tion 12 provides: "All property in this state not ex-
pressly exempt therefrom, shall be subject to taxation,"
etc. Section 28 'commands every resident adult to list for
taxation all of his "moneys, credits, bonds, or stocks,
shares of stock * * * and all other personal prop-
erty," and to likewise list "all moneys and other personal
property invested, loaned or otherwise controlled by him
as the agent or attorney, or on account of any other per-
son or persons, company, or corporation whatsoever, and
all moneys deposited subject to his order, check or draft,
and credits due from any person," etc. Section 29 pro-
vides that personal property, with certain exceptions not
applicable to the plaintiff's case, shall be listed and as-
sessed "in the county, precinct, township, city, village.
and school district where the owner resides. * * *
The capital stock and franchise of corporations and per-
sons * * * shall be listed and taxed * * *
where the principal office or place of business of such cor-
poration or person is located within this state. If there
be no principal office or place of business in this state,
then at the place in this state where any such corporation
or person transacts business." Section 44, provides: "The
property of banks or bankers, or other companies, and
merchants except as hereinafter specifically provided shall
be listed and taxed in the county, township, precinct, city,
village and school district where the business is done."

A partnership is an entity distinct and separate from
that of its members, and is recognized in law as a person.
*Richards v. Leveille*, 44 Neb. 38; *Campbell v. Farmers &
Merchants Bank*, 49 Neb. 143. By establishing an office
in South Omaha and by transacting business at that point
for many years, the plaintiff acquired a domicile in this
state for all practical purposes, became amenable to its

laws, and subject to taxation upon at least so much of its property as it employed and controlled within the state. The plaintiff does not contend that its capital invested in Nebraska loans has been taxed in a sister state, so that no equities intervene to deter the application of our revenue laws. The plaintiff engages in an extensive and profitable business within this commonwealth, and asserts the right to escape its just share of the burdens of taxation by a course of business which, however much it might protect a natural person, in our judgment presents no obstacle in the instant case to the enforcement of the taxing laws of this state. Text-writers, reason and courts quite generally hold that the property of a partnership should be taxed at the place where its business is carried on. 1 Cooley, Taxation (3d ed.) p. 659; 1 Desty, Taxation, p 299; *School District v. Bowman*, 178 Mo. 654; *City of Louisville v. Tatum, Embry & Co.*, 111 Ky. 747; *Spinney v. City of Lynn*, 172 Mass. 464. Since the plaintiff has but one place of business in Nebraska, there is no question of conflicting locations to cloud the issue. Nor does the fact that all of its members reside without the state, and that its principal place of business is in Chicago, render uncertain the right of the assessor to tax the property in dispute. The plaintiff's person, although intangible, is within the state of Nebraska, and, in so far as the doctrine that movables follow the person of their owner applies, it holds the credits in dispute within this state. We do not presume to say that all of the plaintiff's credits, without regard to the place where they originated or heedless of the state where the capital they represent is invested, should be taxed in Nebraska, but only that these credits, forming part of the plaintiff's capital invested in Nebraska, should be taxed according to the plain provisions of the constitution and of the statutes just referred to.

The judgment of the district court, therefore, is reversed, with directions to reinstate the assessment of the county board.

REVERSED.