MARY F. L. PAGE, APPELLANT, V. CHARLES P. BRESEE ET
AL., APPELLEES.

FILED NOVEMBER 1, 1912.    No. 16,779.

1. **Mortgages**: FORECLOSURE: MISNOMER.    By actual personal serv-
ice of summons upon the mortgagor, who is also the owner of the
equity of redemption, in an action to foreclose a mortgage, the
court obtains jurisdiction; and a mistake in the name of the de-
fendant, which is not brought to the attention of the court by
motion or plea in abatement, does not deprive the court of its
jurisdiction, or render a decree foreclosing the mortgage subject
to collateral attack.

2. **Taxation**: FORECLOSURE OF LIEN: UNKNOWN HEIRS: CONSTRUCTIVE
SERVICE.    In an action for the foreclosure of a tax lien against
unknown heirs, a substantial compliance with the provisions of
section 83 of the code, an order of the court for service by pub-
lication upon such unknown heirs, and a legal publication of
summons thereunder, is sufficient to confer jurisdiction upon
the court to render a decree of foreclosure.

3. ———: ———: CONSTRUCTIVE SERVICE: AFFIDAVIT.    In an action
by a county against unknown heirs to foreclose its tax lien, the
affidavit for service by publication, as provided by section 83 of
the code, may be made by the county attorney.

4. ———: ———: IRREGULARITIES.    Where the court has obtained
jurisdiction, mere informalities of procedure will not subject the
decree of foreclosure to collateral attack.

APPEAL from the district court for Sheridan county:
WILLIAM H. WESTOVER, JUDGE.    *Affirmed.*

*Albert W. Crites,* for appellant.

*Allen G. Fisher, A. M. Morrissey* and *William P.
Rooney, contra.*

BARNES, J.

Action to redeem the southeast quarter of section 10,
township 33 north, range 44 west, situated in Sheridan
county, from tax sale under a decree of foreclosure, in

19

which the county of Sheridan was plaintiff, and the unknown heirs of one Charles J. Chapman, deceased, were defendants, and quiet the title thereto in the plaintiff. It appears that one Charles J. Chapman had previously, in his lifetime, obtained title to the land in question under a decree of the district court for Sheridan county foreclosing a mortgage on the premises. The plaintiff, Mary F. L. Page, claimed title thereto by a deed from the original entryman, one Johann F. M. Laue, while defendant Bresee derived his title under the tax decree of foreclosure above mentioned; and defendant Walter Morse claimed an interest in the premises as mortgagee. On the trial the district court for Sheridan county found generally for defendant Bresee, and dismissed the plaintiff's action. From that judgment the plaintiff has appealed.

1. Plaintiff's first attack is centered upon the mortgage foreclosure decree, under which Charles J. Chapman obtained his title to the premises in question. It is claimed that that decree was void for the reason that the mortgagor was sued by the wrong name. It appears that title to the mortgaged premises was obtained by one Johann F. M. Laue from the United States government; that his entry and final receiver's receipt described him as "John F. M. Lowe;" that he thereafter executed the mortgage on which the foreclosure was based, and in which he was named as "John F. M. Lowe," but which he signed in German script as Johann F. M. Laue. It further appears that personal service of summons was duly made upon both Laue and his wife in the mortgage foreclosure suit; that they failed and neglected to appear or answer or in any manner direct the attention of the court to the alleged misnomer. It follows that the decree of foreclosure was not void, and therefore is not subject to collateral attack. *Smelt v. Knapp*, 16 Neb. 53; *Kronski v. Missouri P. R. Co.*, 77 Mo. 362; *Whitcomb v. Hooper*, 81 Fed. 946; *Davis v. Jennings*, 78 Neb. 462. We are of opinion that Charles J. Chapman obtained title to the premises in question by the sheriff's deed based on the foreclosure decree.

2. Plaintiff attacks the decree foreclosing the tax lien upon the premises in question, and contends that the decree was void for reasons hereinafter stated. It appears, however, that when that suit was commenced Charles J. Chapman was made the defendant as owner of the land, and the fact of his death was not ascertained until after a decree of foreclosure was rendered; that when that fact was ascertained the decree was set aside and held for naught. The petition was thereupon amended by making the unknown heirs of Charles J. Chapman the defendants therein; that the plaintiff, by its county attorney, made an affidavit and filed the same in compliance with the provisions of section 83 of the code, which provides that in actions where it shall be necessary to make the heirs of any deceased person defendants, and it shall appear by affidavit of the plaintiff annexed to his petition that the names of such heirs and their residence are unknown to the plaintiff, proceedings may be had against such unknown heirs without naming them, and the court shall make such order respecting service as may be deemed proper. If service by publication be ordered, the publication shall not be less than four weeks; that upon the filing of the affidavit the district court continued the cause, and ordered service of summons by publication upon the unknown heirs of Charles J. Chapman, deceased. It is claimed that the county attorney was not authorized by any statutory provision to make such an affidavit; that it was not annexed to the original petition; that it was not sufficient in form and substance to authorize the court to order service by publication upon unknown heirs; that the order of the court in that behalf was defective and insufficient; that the decree based upon the service thus ordered was void; and that the purchaser under the decree obtained no title to the land in question. In support of this argument plaintiff cites *Stull v. Masilonka,* 74 Neb. 322, where it was said: "Where a defendant is sought to be brought into court by some method prescribed by a statute, other than personal service, which notice may or

may not reach him, and which is more or less unsatisfactory, the statutory provisions relating to such service are construed with strictness, and it is incumbent that all steps in the process required to be taken shall be followed with substantial accuracy." In that case, however, the decree of foreclosure was sustained on the ground that there was a substantial compliance with the provisions of the statute authorizing service by publication. In the instant case there was an attempted compliance with every requirement of section 83, and, while the proceedings were in some respects somewhat informal, still we are of opinion that there was a substantial compliance with the terms of the statute.

3. It is contended that the county attorney of Sheridan county, who made affidavit for service of summons upon the unknown heirs of Charles J. Champan, deceased, could not make such affidavit. We think, however, that the words "appear by the affidavit of the plaintiff," as found in section 83 of the code, are not to be taken so literally as is contended by plaintiff. Such a construction would prevent a corporation or partnership from maintaining the action. We are of opinion that the plaintiff may make it appear by his own affidavit; or from the affidavit of an attorney, especially in cases where the plaintiff is a corporation, as in this case, and could not make such an affidavit. We therefore hold that the affidavit may be made by the county attorney, who is the official law officer of the county.

There having been a substantial compliance with all statutory provisions in the tax foreclosure suit, the decree rendered therein is not subject to collateral attack. The effect of that decree, as declared by statute, was to create a new and independent title to the land in question. It divested the heirs of Charles J. Chapman of all their interest therein, and transferred the same by such independent title to the defendant who was the purchaser at the foreclosure sale.

4. Finally, it appears that the defendant by his answer

properly pleaded the statute of limitations as one of his defenses, and the record discloses that the sale under the decree foreclosing the tax lien was confirmed on the 6th day of September, 1901, and the sheriff thereupon made a deed to the defendant as such purchaser. By the provisions of our revenue laws, the right of redemption from a decree foreclosing a tax lien is barred after the expiration of two years from the confirmation of sale. The fact that the plaintiff also prays for a decree quieting title does not of itself toll the statute. It is quite probable that the district court was of opinion that the plaintiff's cause of action, which was commenced on the 3d day of April, 1908, was barred by the statute of limitations. There was a general finding for the defendant, and an examination of the record satisfies us that the evidence was sufficient to warrant such a finding and sustain the decree appealed from.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

FAWCETT, J., not sitting.