J. McC. PRESTON, APPELLEE, v. HARLAN COUNTY ET AL., APPELLANTS.

FILED JANUARY 29, 1915.   No. 17,948.

1. **Taxation: PERSONALTY OF NONRESIDENT.** Personal property in the possession of the owner at his place of residence in another state is not subject to taxation by the authorities of any county in this state.

2. **Evidence** examined, and *held* to sustain the judgment of the district court.

APPEAL from the district court for Harlan county: ERNEST B. PERRY, JUDGE. *Affirmed.*

*O. E. Shelburn* and *W. W. Wenstrand,* for appellants.

*R. L. Keester, contra.*

HAMER, J.

This case is one where the plaintiff filed a petition to enjoin the treasurer of Harlan county from collecting certain personal taxes levied against him for the years 1910 and 1911. Plaintiff alleged that he was, and had been, a nonresident of Harlan county since the year 1908; that he was a *bona fide* resident of the state of Colorado, and has had no property in Harlan county since his removal therefrom; that the county assessor returned for taxation against him "all notes secured by mortgages," amounting in round numbers to $42,000, without any notice to plaintiff; that plaintiff never listed said property for taxation in Harlan county, and yet the county authorities levied taxes on said so-called assessments, and the county treasurer was about to institute proceedings to collect said taxes. The answer admitted the allegations of the petition, except as to the matter of the plaintiff's residence, and alleged that plaintiff was a resident of Harlan county, Nebraska, and owned the notes secured by mortgages. On this issue the case was tried. The district court found for the plaintiff and enjoined the proceedings to collect the alleged taxes.

The plaintiff, by his own evidence in the form of a deposition, clearly showed that he had sold his home in Harlan county in the spring of 1908, and had removed to the city of Lincoln, where he registered at the fall election of that year; that he then removed to Colorado Springs, Colorado, where he has ever since resided, except some time spent on visits to California; that he has never been in Harlan county, except to pass through there on the cars, since he sold his residence situated therein; that all notes secured by mortgages which he owns have at all times been in his possession at his home in Colorado. His testimony was corroborated by many other witnesses who reside in Harlan county. The defendants sought to prove, on cross-examination of the plaintiff, that he had not listed his property for taxation elsewhere. This the plaintiff denied. The testimony also shows that the assessor made up the so-called assessments from an examination of the county records and entered the lump sum of $42,000 on the assess-

ment rolls without identification or description other than as above quoted; that he never gave any notice to the plaintiff of the so-called assessments.   Under the pleadings, the only question presented for trial was that of plaintiff's residence.   The assessment having been made before the present statute relating to the taxation of mortgages took effect, the decree of the district court is right, and it is

AFFIRMED.

MORRISSEY, C. J., not sitting.