INDEPENDENT ELEVATORS, APPELLANT, V. PAUL DAVIS, SHERIFF, ET AL., APPELLEES.

FILED JANUARY 24, 1928. No. 26192.

*Butler & James* and *Cordeal, Colfer & Russell*, for appellant.

*J. L. Finley, Hines & Hines* and *Perry & Van Pelt, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

REDICK, District Judge.

Action in equity to enjoin proceedings to collect a judgment against the plaintiff on the ground, as alleged, that said judgment is void for three reasons: First, that the plaintiff was not a party defendant in the suit in which the judgment was rendered; second, that no cause of action against plaintiff was stated in the petition; and, third, that the judgment was not supported by the evidence. A trial in the court below resulted in a judgment for the defendants, and plaintiff appeals.

The case was presented to the lower court solely upon the record of the case in which the judgment was rendered, from which the following facts appeared without dispute. The petition was filed June 25, 1922, entitled, "Bertha Krug, Plaintiff, v. Henry Meyer, Fred Meyer, Bank of Benkelman, a corporation, and Independent Elevator Company, a corporation, Defendants." Service was had upon the elevator company as a corporation by delivering a copy of the summons to Eugene F. Ham as general managing agent, and the other defendants were regularly served. July 24, 1923, application for extension of time to plead was made, signed "Charles S. Briggs, attorney for defendants." August 20, 1923, demurrer to the petition was filed, signed "Charles S. Briggs. attorney for the defendants, for the purpose of this demurrer." The demurrer

was sustained and leave was given to file amended petition, which was done December 10, 1923, entitled, "Bertha Krug, Plaintiff, v. Independent Elevator Company, a corporation, Defendant." December 19, 1923, motion to strike amended petition as not being filed within the time limited by the order of the court was filed, signed, "Chas. S. Briggs, Attorney for defendant, Independent Elevator Company;" also a motion by all the other defendants to dismiss the action as to them, they not being named as defendants in the amended petition. Both motions were sustained, but permission to refile the petition was given, which was done January 29, 1924. February 13, 1924, Independent Elevator Company, by Briggs, attorney, moved to strike the amended petition, which motion being overruled on June 12, 1924, and Independent Elevator Company filed an answer denying the allegations of the petition, setting up the statute of limitations, and denying that it was a corporation under the laws of Nebraska.

September 27, 1924, plaintiff filed a motion for leave to amend the petition, naming as defendants in said motion "Eugene F. Ham and Ovid M. Kellogg, partners doing business under the firm name and style of Independent Elevators, the Independent Elevator Company, a corporation." The motion recited the history of the case up to that time, alleging the identity of all parties, and that plaintiff had been led to believe by defendant Ham that his organization was a corporation, and did not learn the contrary until the coming in of said answer: The prayer of the motion was for leave to file a second amended petition making "Independent Elevators, a copartnership, composed of Eugene F. Ham and Ovid M. Kellogg," the defendants. Leave being granted, second amended petition was filed, entitled, "Bertha Krug, Plaintiff v. Eugene F. Ham and Ovid M. Kellogg, partners doing business at Benkelman, Nebraska, under the firm name and style of Independent Elevators, Defendants," and upon this petition the case was tried. The action was for conversion of the proceeds of the sale of certain wheat of which plain-

tiff claimed to be the owner, of which claim defendants had notice while the proceeds were still in their hands, but which they paid over to a third party claiming them upon receiving a bond of indemnity to secure them against loss. And plaintiff prayed judgment against defendants Ham and Kellogg only. Under the same title as that contained in the second amended petition, the defendants Ham and Kellogg, "partners doing business under the firm name of Independent Elevators," filed their answer denying the allegations of the petition, except as to notice, and pleaded the statute of limitations. It may be here noted that the conversion was alleged as of August 30, 1919, and the action would have been barred by the statute of limitations August 30, 1923, about 13 months prior to the filing of the second amended petition. A general denial was filed in reply November 12, 1924, and a stipulation of facts entered into, both bearing the same title as that of the second amended petition. Jury being waived, the case was tried to the court upon the stipulation of facts and the records of the case. The journal entry of submission under the same title as the pleadings recited that the defendants "Independent Elevators, a partnership, composed of E. F. Ham and Ovid M. Kellogg," appeared by their attorney Charles S. Briggs, and the parties were allowed certain time to file briefs. December 1, a brief entitled Bertha Krug, Plaintiff, v. Independent Elevators, Defendant, was filed by Charles S. Briggs, attorney for defendant."

December 23, 1924, under the title, "Bertha Krug, Plaintiff. v. Independent Elevators, a partnership composed of Eugene F. Ham and Ovid M. Kellogg, Defendant," journal entry of judgment was recorded as follows:

"The court finds that the defendants Independent Elevators, Ovid M. Kellogg and Eugene F. Ham are indebted to the plaintiff, Bertha Krug, on the cause of action set forth in her petition herein filed, in the sum of eighteen hundred sixty-four and no 100 ($1,864) dollars, and that said amount shall draw interest from this date at 7% per annum.

"It is, therefore, considered, ordered and decreed by the court, that the plaintiff, Bertha Krug, have and recover from the defendants, Independent Elevators, Ovid M. Kellogg and Eugene F. Ham, the sum of $1,864, with interest from this date at the rate of 7% per annum, and the costs of suit, taxed at $——."

Motion for a new trial entitled, "Bertha Krug, Plaintiff, v. Eugene F. Ham, et al., Defendants," was by "defendants" filed upon the usual grounds, and that the petition did not state facts sufficient to constitute a cause of action, and that the same was barred by statute of limitations, which motion was overruled. Independent Elevators filed no motion for new trial, unless it may be considered as included in the term "defendants."

Thereupon Ham and Kellogg, as individuals, filed an appeal bond and docketed the case in this court, where the same in due course came on for hearing before Commission No. 1, resulting in a reversal of the judgment as to the individual defendants on the ground that, after they had been dismissed from the case presented by the original and first amended petitions they were no longer parties and when the second amended petition was filed the statute of limitations had barred plaintiff's claim. As the Independent Elevators had not appealed, the judgment as to it was affirmed. A motion for a rehearing was filed by the individual appellants asking a reversal also of the judgment as to Independent Elevators, on the ground that it had never been a party to the proceedings, was not served with process, and did not enter its appearance in the action. The motion was overruled, and upon the recording of the mandate in the district court an execution was issued upon the judgment and levied upon property of Independent Elevators. Thereupon this suit was brought to enjoin the proceedings.

The first question for consideration is the validity of the judgment under attack; if erroneous, it may not be overturned in this proceeding; if void, it need be given no consideration; and the only question would be whether plain-

tiff is entitled to relief in equity. Is the judgment void for want of jurisdiction upon any of the grounds suggested? A brief review of the facts disclosed by the record seems necessary, beginning with granting leave to file the second amended petition September 27, 1924.

The request granted was leave to make Independent Elevators, a copartnership, a party defendant; but the petition filed in response was against Ham and Kellogg, copartners as Independent Elevators, and judgment was prayed only against Ham and Kellogg, as individuals, not against Independent Elevators. Clearly this did not bring the latter into the case as a party. Ham and Kellogg answered as individuals; Independent Elevators filed no answer. Up to this point it must be conceded that judgment against the Independent Elevators would have been absolutely void, as being against one not a party, not served, and as to whom the petition made no allegations and asked no judgment. The following matters, however, appear of record: When originally sued as Independent Elevator Company, a corporation, it filed a demurrer to the petition in that character, later, a motion to strike the amended petition, and still later, about one year after suit was commenced and after the statute of limitations had barred the action, filed an answer, and for the first time alleged that it was not a corporation. Independent Elevators made no objection to the second amended petition and filed no answer; it approved by its counsel the journal entry submitting the cause for trial, containing the recital "the Independent Elevators, a partnership composed of Eugene F. Ham and Ovid M. Kellogg, appearing by their attorney, Charles S. Briggs;" and finally presented and filed a brief in the name of Independent Elevators, naming it as the sole defendant, and in which neither the name of Ham nor Kellogg appears in any connection. By the filing of this brief, Independent Elevators participated as a party in the trial of the cause; it urged on its own behalf all the defenses set up in the answer of Ham and Kellogg, with reference to which it may be said: "The hand is the hand of

Esau, but the voice is the voice of Jacob." In none of these proceedings is the point made that Independent Elevators was not a party to the suit, nor until the filing of motion for rehearing in supreme court. Considering these facts and circumstances, we are driven to the conclusion that the case was tried in the district court by both parties and their counsel and the judgment of the court went upon the theory or assumption that Independent Elevators had been made and was a party as by leave granted. We think it is too late, in a collateral action, for plaintiff to maintain that the district court had no jurisdiction of its person. On the contrary, we think that the appearances and conduct of plaintiff were sufficient to vest the court with complete power to determine the rights of the parties before it. The plaintiff in this action (defendant in that) participated in the trial of the cause without any suggestion or objection that it was not a party; it thereby submitted itself to the jurisdiction of the court and is bound by its judgment, all objections being waived. *Bedford v. Ruby,* 17 Neb. 97. The facts of this case and the procedure followed are most unusual, if not unique, but the conclusion above announced is based upon general principles and finds support in the decisions. In *Parks v. Hays,* 11 Colo. App. 415, defendant was sued as an individual, but he appeared and answered as an officer (state auditor); his successor also answered as an officer, and it was held that all irregularity as to pleading and process was waived. In *Denver & R. G. R. Co. v. Loveland,* 16 Colo. App. 146, where the court erroneously allowed another party to be substituted, and the latter appeared and moved for a continuance, the error was waived. In *Johnson Loan & Trust Co. v. Burr,* 7 Kan. App. 703, the trust company was ordered made a party defendant; it was not named in the petition nor charged by any allegations of the pleading, but was properly summoned and made default. Three years after judgment had been rendered against it, it filed a motion to vacate the same, and it was held that the filing of the motion was a general appear-

ance by which defendant "waived, not only all objections to the summons, but also to the entering of the judgment against it." In *Van Gundy v. Carrigan,* 4 Ind. App. 333, complaint was defective in failing to set out the names of new parties brought in by order of the court, and it was held that any objection was waived by an appearance and answer. In *First Baptist Church v. Harper,* 191 Mass. 196, Hattie M. Harper was not named as defendant, but, having appeared and answered, the irregularity was waived. In *McCord-Collins Co. v. Pritchard,* 37 Tex. Civ. App. 418, a suit was brought against the McCord-Collins Commerce Company, a foreign corporation. By the same counsel who afterwards represented McCord-Collins Company, defendant filed an answer in which no suggestion was made that it was not the proper party. Upon the trial it appeared that the action should have been against Mc-Cord-Collins Company, and the court directed the jury to find for the Commerce Company, but subsequently granted a new trial. Plaintiff then amended, dismissing his cause of action as to the Commerce Company, and making the McCord-Collins Company defendant, which was duly served, and answered, among other things, with the plea of the statute of limitations. The court held that the jury were justified in finding that the original answer filed on behalf of the Commerce Company was in fact the answer of the Collins Company and was such an appearance by the latter as would make it a party defendant and prevent the bar of the statute as applied to the cause of action set forth in the amended petition. In *Schroeder v. Hotel Commercial Co.,* 84 Wash. 685, it was held: "A judgment against one not named as a party to the action is not erroneous, where the court finds that the plaintiff was an assignee merely for collection; that the party against whom judgment was rendered was the real party in interest that it was represented in the action by its agents who were paid by it; and that it actually participated in the trial, though not a nominal party; since one not a technical party is bound by the decree if he be interested in the subject-mat-

ter of litigation and has exercised the right to participate." See, also, *Whitcomb v. Hooper,* 81 Fed. 946. The judgment may be erroneous, but it is not void.

To reach a different conclusion would require us to find that counsel for defendant in the first case had deliberately deceived and misled the court and opposing counsel into the belief that Independent Elevators was a party to the suit; this we are not inclined to do in view of the high standing of that gentleman at the bar of this state. The instant case is presented by other counsel.

Having concluded, for the reasons stated, that the judgment attacked is not void, it is at most erroneous and could only be set aside in a direct proceeding by appeal, of which remedy the present plaintiff failed to avail himself. *Pollock v. Boyd,* 36 Neb. 369.

In view of our conclusion, the other questions presented by the briefs need not be discussed. It would seem, however, that, plaintiff having appeared by counsel in the first case, its present predicament is the result of a failure to pursue the plain legal remedies appropriate to the situation, and therefore he has no standing in a court of equity. See *Koehler v. Reed,* 1 Neb. (Unof.) 836, and cases cited.

AFFIRMED.