JOYCE LUMBER COMPANY, APPELLANT, V. ALVA T. ANDERSON, COUNTY TREASURER, APPELLEE.

FILED JANUARY 26, 1934. No. 28871.

*Montgomery, Hall & Young,* for appellant.

*T. M. Hewitt, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and CLEMENTS, District Judge.

DAY, J.

This is a suit in equity brought by the plaintiff to enjoin the defendant, the county treasurer of Dawson county, from collecting certain intangible taxes which have been levied against the plaintiff in said county. The trial court decided against the plaintiff, and it prosecutes appeal to this court.

The only question involved in this appeal is whether or not certain accounts receivable and bank deposit of the plaintiff are taxable in Dawson county. The plaintiff is a domestic corporation with its principal office and place of business in Omaha, Douglas county, and is engaged in the business of selling building material and coal, and in the prosecution of said business, it operates a branch

yard in Dawson county, Nebraska. The plaintiff, on May 7, 1932, filed its tangible property return with the assessor of Dawson county and filed an intangible tax return in the said county advising that all its intangible property was owned and reported in Douglas county. The plaintiff filed a return of the intangible property involved in this case in Douglas county. After this return had been made, the assessor of Dawson county filed an intangible return for plaintiff on bank deposits and book accounts, whereupon the county levied a tax of $27.75 which the county treasurer, defendant herein, is attempting to collect. The plaintiff's tax on its tangible property in Dawson county, amounting to $169.75, has been paid upon a stipulation that it was without prejudice to the rights of the parties to litigate the remaining tax on intangibles of $27.75.

The legislature in 1921 enacted new tax laws which classified specifically various types of property for the purposes of taxation. The definition of intangible property is: "The term 'tangible property' includes all personal property possessing a physical existence, but excluding money. The term 'intangible property' includes all other personal property, including money." Comp. St. 1929, sec. 77-104. In view of this legislative definition, *Nye-Schneider-Fowler Co. v. Boone County*, 99 Neb. 383, is not applicable for that taxation is purely a statutory matter and the legislature may change judicial definitions. It was decided under section 77-1402, Comp. St. 1929, which applies to tangible property, which is indicated by the language used, "like grain elevators, lumber yards or any established business," all of which are tangible property.

The intangible property sought to be taxed in Dawson county was taxable only in Douglas county, where the plaintiff corporation has its principal office or place of business. The branch yard in Dawson county is only an incident of its business. Section 77-703 of the intangible tax law provides that return shall be filed with the county

assessor of the county in which the taxpayer is domiciled. This controls in this case, and the judgment should be reversed, with directions to the trial court to enter a decree enjoining the county treasurer of Dawson county from collecting the intangible tax, which is the subject of this controversy.

REVERSED, AND REMANDED, WITH DIRECTIONS.