MASSEY-HARRIS COMPANY, APPELLEE, V. DOUGLAS COUNTY, APPELLANT.

10 N. W. (2d) 346

FILED JULY 2, 1943. No. 31600.

*Kelso Morgan, Clinton Brome, Walter R. Johnson, Attorney General,* and *Edwin Vail,* for appellant.

*Reed, Ramacciotti & Hruska, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, CHAPPELL and WENKE, JJ., and TEWELL, District Judge.

WENKE, J.

This is an appeal by the county of Douglas, herein referred to as appellant, from the district court for Douglas county, wherein that court held that the class B intangibles of the Massey-Harris Company, a corporation, appellee herein, were not taxable.

This action had its origin when the county assessor of Douglas county added to the personal tax schedule, returned by the appellee in the year of 1941, class B intangibles in the sum of $500,000. Objections were made thereto for the reason that the same were not taxable and, if taxable, they were taxed too high. From the Board of Equalization's ruling dismissing the objections the appellee appealed to the district court and from its holding that they were not taxable the appellant has appealed to this court.

The facts disclose that the Massey-Harris Company, the appellee herein, is a Maryland corporation engaged in the manufacturing and selling of farm machinery to dealers with its principal place of business in Racine, Wisconsin, but that it has a branch office in Omaha for use in the selling and distribution of its products and the collections therefor in cash, open accounts, dealer's notes or conditional sales contracts, which notes and sales contracts are payable to the home office in Racine, Wisconsin. All notes and conditional sales contracts received are immediately sent to the home office and all cash deposited to the account of the home office with no authority to check thereon. Payment of

salaries and expenses are all made by the home office except for a petty cash account with which the Omaha branch pays minor miscellaneous expenses. All supplies, advertising material, approval of hiring salesmen, their bonds, fixing prices and all matters of policy are directed from the home office.

The first question presented for our consideration is whether or not the appellee, as a nonresident foreign corporation with a business situs located in this state in Douglas county, is, under the statutes of Nebraska, subject to taxation as to its class B intangibles which, by stipulation, consist of open accounts, dealer's notes and conditional sales contracts.

The appellant's contention that the right to tax the class B intangibles of the appellee by reason of the provisions of section 77-201, Comp. St. 1929, which reads in part as follows: *"All property in this state,* not expressly exempt therefrom, shall be subject to taxation, and shall be valued and assessed at its actual value,"* cannot be sustained. (Italics ours.) "The general rule is that the situs of intangible personal property for the purposes of taxation is the domicile of the owner. This rule is usually bottomed on the legal maxim, *'mobilia sequuntur personam,'* i. e., 'moveables follow the person;' or, as sometimes stated, the situs of personal property is the domicile of the owner." *Crane Co. v. City Council of the City of Des Moines,* 208 Ia. 164, 225 N. W. 344, 76 A. L. R. 801. Which principle as to intangibles was stated in *Finch v. York County,* 19 Neb. 50, 26 N. W. 589, and followed in the cases of *Preston v. Harlan County,* 97 Neb. 667, 150 N. W. 1009; *Nye-Schneider-Fowler Co. v. Boone County,* 99 Neb. 383, 156 N. W. 773. Under this rule the class B intangibles which are here sought to be taxed are not *"property in this state,"* for the purpose of taxation.

This general provision of the statute is not applicable to the property here sought to be taxed for the reason that in 1921 the legislature passed statutes in regard to the taxation of intangible personal property, being chapter 77, art.

7, Comp. St. 1929, and these specific statutes on this subject-matter are controlling. *Joyce Lumber Co. v. Anderson*, 125 Neb. 886, 252 N. W. 394.

The manner in which the branch of the appellee was operated in Omaha does not bring it within that part of section 77-703, Comp. St. Supp. 1941, which reads in part as follows: "Every person or corporation having intangible property in his or its custody or under his or its control as agent, trustee, executor, administator, guardian or other representative capacity in this state shall on or before the last Monday in May of each year list the same for taxation as of April 1st next preceding."

Nor does the reference in section 77-710, Comp. St. 1929, which is as follows: "If any foreign corporation is taxed in this state upon any tangible or intangible ·property," control over the specific statutes giving the authority to tax such intangibles. These statutes in part are: Section 77-701, Comp. St. 1929, which provides: "All intangible property in Class B shall be taxed where said intangible property is assessed at the rate of eight mills on the dollar of the actual value thereof, the same to be assessed and collected *where the owner resides*" (Italics ours) ; section 77-703, Comp. St. Supp. 1941, which provides: "A return for in- tangible property shall be prepared and filed by all taxpayers of the state, whether owners of intangible property or not * * * . Returns shall be filed with the county assessor * * * of the county in which the taxpayer is *domiciled;*" section 77-704, Comp. St. 1929, which provides: "Returns for intangible property shall be compared with assessments for tangible property as well as the list of residents of the county, and where a taxpayer *domiciled* within the county has failed to file a return for intangible property, a notice by registered mail shall be sent to such taxpayer to appear at a designated place in the County in which he resides, before the State Tax Commissioner or his duly authorized agent within fifteen days for examination as to ownership of intangible property and the intangible property of such taxpayer shall thereupon be assessed at the rate of tangi-

ble property. In like manner any intangible property omitted from the taxpayer's separate intangible return shall be assessed at the rate for tangible property in his taxing district." These sections of the intangible tax law provide that the property is to be assessed and collected where the owner *resides* and in which the taxpayer is *domiciled,* and from a careful reading of the entire act class B intangibles are to be returned and assessed in the county where the taxpayer resides and has his or its domicile. Under the principle of *mobilia sequuntur personam,* which common-law principle we have adhered to by our decision with reference to intangible personal property, these class B intangibles were not taxable in Nebraska for the appellee had no residence or domicile in this state.

This principle of *mobilia sequuntur personam* as to intangible personal property has been the rule in force for so long in this state that if it is to be changed or modified as to taxation it should be by the legislature and then only by provisions plainly written in the statute, for the power of taxing this class of property in the hands of nonresidents must, if it exists, be clearly set forth.

The Nebraska cases of *Finch v. York County, supra,* and *Clay, Robinson & Co. v. Douglas County,* 88 Neb. 363, 129 N. W. 548, being decisions wherein the facts brought them within the provisions of specific statutes making the property taxable, are no longer in point in view of the legislative change in the definition and classification of intangibles and the place of their taxation. *Joyce Lumber Co. v. Anderson, supra.* Also in the case of *Clay, Robinson & Co. v. Douglas County, supra,* the court held that the partnership acquired a domicile in this state for all practical purposes and therefore became subject to taxation upon so much of its property as it employed and controlled within the state. This reasoning has no application here.

While those decisions from other jurisdictions, which find the facts to bring the party within the provisions of a statute which makes provision for taxing the intangibles of nonresidents on a basis often referred to as a "business

situs," and discussing their constitutionality with reference to double taxation, present some interesting propositions of law, they are in no way applicable here and we do not discuss that question for under the express provisions of our statutes taxing the intangibles of residents or those domiciled within this state the class B intangibles of the appellee are not included and therefore were not subject to taxation.

In view of our holding, other matters discussed in the brief of the appellant are not necessary for determination.

AFFIRMED.