LARRY L. MORSE, APPELLANT, v. RICHARD MAYBERRY AND NORMA RICHARDSON MAYBERRY, DOING BUSINESS AS OASIS TAVERN AND COCKTAIL LOUNGE, APPELLEES.

157 N. W. 2d 881

Filed April 12, 1968. No. 36814.

Gerald B. Buechler, for appellant.

Kenneth H. Elson, for appellee Norma Richardson Mayberry.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, McCOWN, and NEWTON, JJ.

SPENCER, J.

Plaintiff filed this action against Richard Mayberry and Norma Richardson Mayberry, doing business as Oasis Tavern and Cocktail Lounge, for damages as a result of an assault and battery committed by Richard Mayberry. Richard Mayberry failed to answer or otherwise plead, and his default was entered. Norma Richardson Mayberry filed a general demurrer which was sustained. After the action was dismissed as to her, plaintiff perfected this appeal.

Plaintiff alleged that Richard Mayberry and Norma Richardson Mayberry are husband and wife; that they own and operate the Oasis Tavern and Cocktail Lounge within the city of Grand Island, Nebraska; that plaintiff was hired by them as a bartender and was subsequently promoted to manager; and that early in the morning of January 3, 1967, while the plaintiff was on duty pursuant to his employment, Richard Mayberry approached

him from behind and willfully, maliciously, and wrongfully assaulted him without just cause or provocation. Plaintiff further alleged the extent of his injuries, and, so far as material herein, alleged as follows: "* * * that said assaults were committed upon Plaintiff by one of his employers for the benefit of both employers; that Defendant, Norma Richardson Mayberry, acquiesed (sic) in and failed to prevent said assaults by Defendant, Richard Mayberry, upon Plaintiff, and that both Defendants are responsible for the resulting damages and liable therefor."

Much of defendant's brief is predicated on the premise that a partnership existed and is involved herein. The allegations of plaintiff's petition do not allege a partnership. The mere allegation that parties are coowners, standing alone, is not sufficient to allege a partnership. Burlington & Mo. River R.R. Co. v. Dick & Sons, 7 Neb. 242. In Nebraska a partnership is an entity distinct from its members and is recognized in law as a person. Clay, Robinson & Co. v. Douglas County, 88 Neb. 363, 129 N. W. 548, L. R. A. 1915C 922. Partners are jointly and severally liable for wrongful acts and omissions committed by a partner in the ordinary course of the business of the partnership or with the authority of the copartners. § 67-313, R. R. S. 1943. The words "doing business as Oasis Tavern and Cocktail Lounge," are merely descriptive and do not join the business or alleged partnership as a separate entity. In Independent Elevators v. Davis, 116 Neb. 397, 217 N. W. 577, we held: "An action against 'A and B., copartners doing business as A. & B. Co.,' is not a suit against the partnership as a separate entity; * * *." This action is an action against the defendants as individuals.

Defendant Norma Richardson Mayberry filed a general demurrer alleging in part: "3. The Petition does not state facts sufficient to constitute a cause of action against Defendant Norma Richardson Mayberry." The court did not announce the grounds on which the de-

murrer was sustained. The rule in this jurisdiction, however, is: "An order or decree sustaining a demurrer will be affirmed if any one ground of demurrer is well taken, even though the ground on which the ruling is based is not well taken or the order or decree sustaining the demurrer is general and does not indicate the ground on which it is based." Valentine Oil Co. v. Powers, 157 Neb. 71, 59 N. W. 2d 150.

The allegations set out as to defendant Norma Richardson Mayberry are no more than conclusions. There are no allegations which in any way connect her with the assault. How it could possibly benefit her as alleged we are unable to understand. Merely because a wife may be present when her husband assaults another does not make her liable. Neither does the fact that she fails to intercede. There is no liability unless she takes some affirmative action. The petition does not state facts sufficient to state a cause of action against Norma Richardson Mayberry when tested by demurrer. The demurrer was properly sustained.

JUDGMENT OF DISMISSAL AFFIRMED.

SMITH, J., participating on briefs.