GARY A. KEITHLEY, APPELLANT, V. CHARLES J. BLACK ET AL.,
APPELLEES.
477 N.W.2d 806

Filed December 20, 1991.   No. 89-331.

Gary A. Keithley, pro se.

Robert M. Spire, Attorney General, and Lynn A. Melson for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Plaintiff-appellant, Gary A. Keithley, asserts defendants-appellees, Charles J. Black, John P. Eggers, and one Officer Bittinger, acting jointly and while employees of the state, negligently failed to prevent the theft of Keithley's property from his prison cell. Defendants demurred on the grounds the petition is time barred and contains a defect in parties. The district court sustained the demurrer and dismissed the suit. In his initial brief, Keithley assigned as operative errors the district court's (1) permitting defendants to demur out of time, (2) failing to state the ground on which it sustained the demurrer, and (3) failing to conduct a purportedly scheduled trial. Keithley attempted to assign additional substantive errors in his

reply brief; however, the purpose of an appellant's reply brief is to respond to the arguments the appellee has advanced against the errors assigned in appellant's initial brief. Thus, errors not assigned in an appellant's initial brief are waived and may not be asserted for the first time in a reply brief. See *De Lair v. De Lair*, 146 Neb. 771, 21 N.W.2d 498 (1946). Keithley's additional claim that the State's brief does not conform to the requirements of our rules is simply wrong. The record failing to sustain Keithley's operative assignments of error, we affirm.

Keithley filed his petition on April 21, 1988, but did not file a praecipe seeking issuance of summonses until December 7 of that year. Although the record does not tell us when the summonses were served, it does tell us that they were not signed and sealed by the deputy clerk of the district court until December 8, 1988. In the meantime, on November 22, the district court had issued an order directing Keithley to show cause on or before December 22 why the case ought not be dismissed for want of prosecution. The case was dismissed on December 28, 1988, and reinstated on January 11, 1989. On February 7, 1989, defendants sought leave to answer Keithley's petition out of time, which was granted. Defendants then demurred on February 22, 1989, within the time allotted.

Keithley's first operative assignment of error is without legal support. The general rule is that the granting or withholding of permission to file a late pleading rests in the discretion of the trial court. See, *W & K Farms v. Hi-Line Farms*, 226 Neb. 895, 416 N.W.2d 10 (1987), *on subsequent appeal, W & K Farms v. Walter*, 235 Neb. 952, 458 N.W.2d 230 (1990); *Anest v. Chester B. Brown Co.*, 169 Neb. 330, 99 N.W.2d 615 (1959); Neb. Rev. Stat. § 25-822 (Reissue 1989). Given Keithley's delay in requesting the issuance of summonses and the temporary dismissal of his suit, it cannot be said the district court abused its discretion in permitting defendants to demur out of time.

The second operative assignment of error is equally meritless. Since a correct result will not be set aside merely because it is based upon reasons which may be incorrect, *Logan Ranch v. Farm Credit Bank*, 238 Neb. 814, 472 N.W.2d 704 (1991), an order sustaining a demurrer will be affirmed if any one of the grounds on which it was asserted is well taken, even

though the ground on which the ruling is based is not well taken or the order is general and does not indicate the ground on which it is based, *Harmon Care Centers v. Knight*, 215 Neb. 779, 340 N.W.2d 872 (1983), and *Morse v. Mayberry*, 183 Neb. 89, 157 N.W.2d 881 (1968).

Nor does the law support the third and final operative assignment of error. The record reflects only that on February 6, 1989, Keithley filed a "Notice of Hearing" which recites that "trial . . . will be called for a telephonic hearing . . . at 11:00 am, Feburary [sic] 7, 1989, or as soon thereafter as this matter may be heard." While Keithley contends that this was the trial date assigned by the district court, there is nothing in the record which supports the claim. Even if that was the case, however, it was within the trial court's discretion to postpone any previously scheduled trial. See *In re Interest of M.*, 215 Neb. 383, 338 N.W.2d 764 (1983) (motion for continuance addressed to discretion of trial court).

AFFIRMED.